1823.

Snowden
vs
Dorsey

obligations on the insolvent to pay do not apply to the trustee who claims under the legal title. The case *Ex parte Skip* is full to the point. Equity will not interfere in the case of assignees of bankrupts, so as to compel them to pay usurious demands. Again, the right to make the defence relied on, is taken away by the answer given by the defendant to the plaintiff's demand for the books. He refused to deliver them unless the whole sum of money was paid. This shows, that if the true sum had been tendered, he would still have refused. Why then have tendered the true sum? He had no right to demand the whole nominal amount loaned. It was insisting upon a condition which he had no right to insist upon; and it was therefore a waiver of the tender.

JUDGMENT AFFIRMED.

JUNE.

*An appeal will not lie from an interlocutory decree of the court of chancery, by which no question of right between the parties is decided.*

SNOWDEN *et al.* *vs.* DORSEY *et al.*

APPEAL from an *interlocutory* decree of the court of chancery. The appellees filed their bill for the specific performance of a contract to convey land. The Chancellor, *(Kilty,)* in giving his decree, stated that there was sufficient proof of the contract for a conveyance, and that the bill prayed for an account as a consequence of the right to a conveyance, and a decree therefor; but that he thought proper and necessary to pass an interlocutory decree for an account, in order to ascertain the sum due on either side preparatory to a final decree. He therefore decreed, that the parties account with each other concerning the matter mentioned in the proceedings. and that the auditor should state an account from the evidence already offered, or that might be exhibited to him. From this decree the defendants appealed.

The cause coming on to be argued before BUCHANAN, EARLE, and MARTIN, J.

T. B. *Dorsey*, (Attorney General,) and *Taney*, for the Appellees, moved the court to dismiss the appeal. They referred to the acts of 1721, *ch.* 14, *s.* 4; 1785, *ch.* 72, *s.* 27; and 1818, *ch.* 193, *s.* 1. *Jacob's L. D.* tit. *Decree.* 2 *Harr. Chan.* 331. They admitted that there might be an appeal from an interlocutory decree, where there was some

1823.
Snowden
vs
Dorsey

principle decided, as in the cases of *Rawlings vs. Kerr* in 1789, *Steuart vs. Rawlings* in 1791, *Mackall vs. Wilkinson* in 1792, *Gover, et al. vs. Hall* in 1810, *Carnan, et al. vs. Turner,* (*ante* 65,) *Blake's Chan. Pr.* 174, 175. They also cited 2 *Com. Dig.* tit. *Chancery,* (V) 310. 2 *Harr. Chan.* 321. *Staunton vs. Oldham,* 2 *Atk.* 383. *Anon.* 1 *Ves. jr.* 93. *Graves vs. Graves,* 2 *Hen. & Munf.* 22.

*Magruder,* against the motion, referred to the act of 1819, *ch.* 144, *s.* 4. *Moore vs. White,* December 1819. *Berry vs. Johnson,* December 1814. *Pottinger vs. Steuart,* December 1813. *Hollingsworth vs. McDonald, et al.* December 1807. *Warfield vs. Warfield,* 5 *Harr. & Johns.* 459. *Rutherford vs. Fisher,* 4 *Dall. Rep.* 22. *Green vs. Winter,* 1 *Johns. Chan. Rep.* 77; and *Wish vs. Bickington,* 1 *Bro. Ca. Parl.* 375.

BUCHANAN, J. delivered the opinion of the court. It is the opinion of the court that an appeal will not lie from a mere interlocutory order, by which nothing is finally settled between the parties, and such we consider the order for an account in this case, which, in the language of the chancellor, was only preparatory to a final decree, and was liable to be reviewed by him at pleasure. It settles nothing in controversy between the litigating parties; but after an account taken, the chancellor, without a bill of review might, on further proof, or on more mature consideration, have rejected the account, and dismissed the complainant's bill, if the proceedings had not been arrested by the appeal. And if upon this appeal, we were to undertake to inquire into the correctness of the order for an account, we should be obliged to go into an examination of the whole merits of the case, and in rejecting or affirming the order, to decide upon that on which the chancellor has made no decree, and which could only properly be brought before us after a final adjudication in the court of chancery.

On the suggestion, that it was the practice of this court to entertain appeals from orders of this description, we have examined, and can find no such case as this, none in which something more was not decreed, and some question of right settled between the parties, except the case of *Berry vs. Johnson,* which is said to be similar to this, but that cause passed *sub silentio,* and cannot be called into precedent.

1823.

Roberts
vs
Gibson

It is easy to perceive, that appeals from orders of this description might be productive of great inconvenience and vexatious delays, which should not be incurred without necessity; and there can be no such necessity where nothing is done conclusive upon the chancellor; but the order remains open, subject to his final disposition, and may be rescinded on motion.

APPEAL DISMISSED.