## STATE ROADS COMMISSION OF MARYLAND
*v.* PUMPHREY ET AL.

[No. 245, September Term, 1970.]

*Decided February 4, 1971.*

634

The cause was argued before HAMMOND, C. J., and BARNES, SINGLEY, SMITH and DIGGES, JJ.

*Norman Polski, Special Attorney,* with whom were *Francis B. Burch, Attorney General, Joseph D. Buscher, Special Assistant Attorney General, Nolan H. Rogers, Administrative Special Attorney,* and *Richard T. Brice, IV, Special Attorney,* on the brief, for appellant.

*Richard G. Anderson,* with whom were *Anderson & Anderson* on the brief, for appellees.

BARNES, J., delivered the opinion of the Court.

The proper date of valuation is the principal matter involved in this appeal from a judgment absolute entered on March 10, 1970, by the Circuit Court for Anne Arundel County for $8,000.00, with interest from February 17, 1970, and costs, in a condemnation case in which the appellant, the State Roads Commission of Maryland (the Commission), sought to acquire for State Road purposes certain land owned by the appellees, Franklin Pumphrey, Eva Pumphrey, his wife, and Jessie C. Meushaw, joint tenants (the Owners), located in the Second Election District of Anne Arundel County.

The Commission filed a petition for land acquisition in the Circuit Court for Anne Arundel County on January 4, 1968. The land to be acquired was alleged to consist of 1.60 acres, more or less, lying between the lines marked "Right of way Line" as shown on attached plats Nos. 33735 and 33736, to be taken in fee simple. A check for $1,200.00 was deposited with the Clerk of the Circuit Court for Anne Arundel County the same day.

On April 2, 1968, the matter was certified to the Board of Property Review and on June 26, 1968, was set down

for hearing before that Board. At the request of counsel for the Owners, the hearing before the Board was postponed.

In accordance with the provisions of Maryland Rule U27 e, the Commission, on July 22, 1968, filed a letter requesting the Board of Property Review to relinquish jurisdiction over the case. On August 8, 1968, however, the Commission and the Owners (by their counsel) entered a Stipulation waiving the provisions of Rule U27 c 1, thereby extending the time within which the Board of Property Review might hear the case until August 30, 1968.

The Board of Property Review, on August 14, 1968, heard testimony in regard to value and damages to the Owners, viewed the property, and on August 21, 1968, rendered its award of $4,485.00.

The Commission, on September 19, 1968, filed Notice of Dissatisfaction; and on October 10, 1968, the Commission filed a formal condemnation petition in the Circuit Court for Anne Arundel County for the acquisition of 1.21 acres of land (vs. 1.60 acres in the land acquisition petition filed January 4, 1968) and the condemnation petition filed October 10, 1968, was accompanied by a plat designated No. 37213 (vs. Plats Nos. 33735 and 33736 filed with the land acquisition petition filed January 4, 1968).

Paragraph 6 of the condemnation petition filed October 10, 1968, alleges the following:

> "6. That your Plaintiff [the Commission] has heretofore on the 4th day of January, 1968, deposited a check under the provisions of Chapter 59 of the Acts of 1956, in the amount of ONE THOUSAND TWO HUNDRED ($1,200.00) DOLLARS, payable to the Clerk of the Circuit Court for Anne Arundel County, to the use of the aforesaid defendants, in the hands of the said Clerk, in conformity with the provisions of Article 89B, Section 9, Public General Laws of

Maryland, and your Plaintiff deems the said sum of money to be the fair value of the land and improvements taken and damages done to the aforesaid property. That your Plaintiff states that it is in the public interest and necessary for the State Roads Commission to take possession of the aforesaid land and improvements immediately upon depositing the said money into the hands of the said Clerk of the Court, and in conformity with the aforesaid provisions of statute it has taken possession for the aforesaid purposes on the 4th day of January, 1968."

The prayers for relief were:

"(a) That the property described in the aforegoing petition may be condemned so that your Plaintiff may acquire a fee simple title thereto, together with other rights hereinabove described.

"(b) That further proceedings may be had in this cause under the authority of and pursuant to the provisions of Article 33A and Article 89B of the Public General Laws of Maryland relating to the subject of 'Eminent Domain'."

On February 24, 1969, the Commission and the Owners, through counsel, stipulated that Plat No. 37213, revised January 9, 1969, should be used in the case in lieu of Plat No. 37213 theretofore filed; and the revised plat was filed in the proceedings. Apparently the only changes in the revised Plat No. 37213 were the elimination of the notation "21' stream & marsh" designation in the westerly portion of 1.21 acre tract replaced by the designation "Marsh & Pond Area" and the addition, still farther west, of a designation of "Marshy Pond Area" beyond the westerly division line of the 1.21 acre tract. The bearings and distances and the curve data remained the same in the two plats.

The Owners filed their answer to the condemnation petition of October 10, 1968, on March 7, 1969.

The condemnation trial was set for February 16, 1970. Immediately prior to trial, a question arose between the Commission and the Owners in regard to the proper date to be used in respect to the valuation of the subject property, the Commission contending that January 4, 1968, was the proper date of valuation, the Owners contending that such date was the date of trial. The Commission then filed its motion raising a preliminary question of law, pursuant to Rule 502, on February 16. The trial court (Childs, J.), after reviewing the authorities and hearing argument, ruled that the proper date for valuation was the date of trial and so instructed the jury, the Commission taking no exception to the lower court's charge. The jury returned an inquisition showing the amount of damages to be $8,000.00, representing the value of the land together with resulting damage.

The Commission filed a timely motion for a new trial on February 19, which was argued on March 3, 1970. On March 10, 1970, the lower court denied the motion for a new trial and filed a carefully considered written opinion giving the reasons for that decision. Judgment absolute was entered on the inquisition on March 10, 1970, and an appeal to this Court was entered by the Commission on March 16, 1970.

It is conceded that the Commission had not taken possession of any part of the subject property prior to trial.

We are of the opinion that the lower court correctly ruled that the date of valuation was the date of trial and we shall affirm the judgment. We do not find it necessary to pass upon the additional point raised by the Owners that even if the trial court had been in error in regard to the valuation date, the judgment should nevertheless be affirmed because there was no evidence that the award of the jury was excessive or unjust or that substantial prejudice has resulted to the Commission as a result of the rulings by the trial court.

Code (1971 Repl. Vol.), Art. 33A is entitled "Eminent Domain" and generally applies to all proceedings for the acquisition of private property for public use by condem-

nation. Such proceedings are governed by the provisions of Art. 33A and subtitle U of the Maryland Rules of Procedure. Art. 33A was revised by the Acts of 1963, Ch. 52, effective June 1, 1963, the former sections of Art. 33A having been repealed and the new provisions in the Act of 1963, Ch. 52 standing in lieu thereof. One provision of § 1 of Art. 33A is that "nothing herein shall prevent the use by the State Roads Commission of the procedure set forth in § 10 through 20, inclusive, of Article 89B of this Code . . . ."

Section 4 of Art. 33A provides in regard to the time as of which value is determined:

> "The value of the property sought to be condemned and of any adjacent property of the defendant claimed to be affected by the taking shall be determined as of the date of the taking, if taking has occurred, or as of the date of trial, if taking has not occurred, unless an applicable statute specifies a different time as of which the value is to be determined."

Section 14, in regard to when the property is deemed to be taken, provides:

> "For the purposes of this article, property shall be deemed to have been taken:
>
> "1. In cases in which the plaintiff is lawfully authorized to take the property before trial pursuant to § 40A or § 40B of Article III of the Constitution of this State, when the payment required thereunder has been made to the defendant or into court and any security required thereunder has been given and the plaintiff has taken possession of the property and actually and lawfully appropriated it to the public purposes of the plaintiff.
>
> "2. In all other cases, upon payment of the judgment and costs by the plaintiff pursuant to Subtitle U of the Maryland Rules."

The Constitution of Maryland was amended on November 3, 1942, so that Art. III, Sec. 40B gave the General Assembly of Maryland the power to provide by statute that when, in the judgment of the Commission, private property was needed by the State for highway purposes, such property "may be taken immediately" upon payment to the owner by the Commission or into Court, such amount as the Commission shall estimate to be of the fair value of said property, provided such legislation also required the payment of any further sum subsequently awarded by a jury. This constitutional amendment was adopted by the General Assembly at its 1941 Session by the Acts of 1941, Ch. 607.

By the Acts of 1941, Ch. 606, the General Assembly enacted a new § 4A of Art. 89B, title "State Roads" of the 1939 Code to implement the power granted by the proposed constitutional amendment as and when adopted. This § 4A has now become § 9 of Art. 89B of the present code, having been amended twice in the meantime by the Act of 1950, Ch. 54 and the Act of 1951, Ch. 318.

As originally enacted, § 4A provided:

"Upon the adoption by the legal and qualified voters of this State of the amendment to Article III of the Constitution of this State (proposed by an Act passed at this session of the General Assembly) in addition to the power and authority provided by the preceding section of this Article, the State Roads Commission is hereby authorized to enter upon and take possession of such property and rights of way as the State Roads Commission may deem necessary, and proceed with the highway construction provided the said State Roads Commission shall first pay to the owner or owners thereof or into Court, for his, her or their benefit, such sum as the said State Roads Commission shall estimate to be the fair value of the land and improvements taken and damage done, if any; such payment,

however, shall in no wise limit the amount to be allowed under subsequent condemnation proceedings. Within sixty (60) days after the completion of the construction of such highway if the State Roads Commission and the owner or owners of such land are unable to agree as to compensation and damages, if any, caused thereby, the said State Roads Commission shall institute condemnation proceedings in the manner prescribed by the provisions of Article 33A of the Annotated Code of Public General Laws. It is the intention of this Act to provide that such property and rights of way, in an emergency, in the discretion of the Commission, be condemned after construction of the highway has been commenced as well as prior thereto, although so far as possible all rights of way shall be acquired or contracted for before any route is definitely located. This Act to apply only to acquisition of property by the State Roads Commission." [1]

The Act of 1950, Ch. 54 added a provision to the original enactment that the property owner could withdraw the deposited funds from the court without prejudice, if the owner agreed to repay the Commission the difference between the deposited funds and the final award and the Commission was required to pay the owner such further sum that may "be finally awarded in a subsequent condemnation proceedings."

By the Act of 1951, Ch. 318, a provision was added which enabled the owner subsequent to the deposit into court, to request the Commission in writing that "such condemnation proceedings," *i.e.*, those directed to be instituted in the manner prescribed by the provisions of Art. 33A, be instituted and the Commission, within 30

---

1. By § 4 of Art. 89B of the 1939 Code (now § 7 of Art. 89B of the present Code), the Commission was given power to proceed to acquire private property for public use as prescribed by certain sections of Art. 23 or by the provisions of Art. 33A of the Code.

days of the receipt of that notice, had the duty to institute such proceedings. It was the duty of the court to hear and determine such proceedings as soon thereafter as practicable.

Giving effect to these amendments, § 9 of Art. 89B now provides in Code (1969 Repl. Vol.) :

> "Upon the adoption by the legal and qualified voters of this State of the amendment to Article III of the Constitution of this State, in addition to the power and authority provided by § 7 of this article, the State Roads Commission is hereby authorized to enter upon and take possession of such property and rights-of-way as the State Roads Commission may deem necessary, and proceed with the highway construction, provided the said State Roads Commission shall first pay to the owner or owners thereof or into court, for his, her or their benefit, such sum as the said State Roads Commission shall estimate to be the fair value of the land and improvements taken and damage done, if any; provided, however, if said sum is so paid into court, the property owner, upon written request to the clerk of said court, shall be entitled to receive said sum without prejudice to any of these rights if said property owner agrees to pay back to the State Roads Commission the difference between said sum and the final award, if such final award be less than the sum paid into court; such payment, however, shall in nowise limit the amount to be allowed under subsequent condemnation proceedings, and the State Roads Commission shall pay to the owner or owners of such property and rights-of-way from any funds, in its possession or under its control, any further sum that may subsequently be finally awarded in a subsequent condemnation proceedings. Within sixty (60) days after the completion of the con-

struction of such highway, if the State Roads Commission and the owner or owners of such land are unable to agree as to compensation and damages, if any, caused thereby, the said State Roads Commission shall institute condemnation proceedings in the manner prescribed by the provisions of Article 33A of the Annotated Code of Public General Laws; provided, however, the owner or owners at any time subsequent to the payment of such sum into court request, in writing to the State Roads Commission, that such condemnation proceedings be instituted and in such case it shall be the duty of the State Roads Commission within thirty days after receipt of such notice to institute such proceedings and the duty of the court to hear and determine such proceedings as soon thereafter as practicable. It is the intention of this section to provide that such property and rights-of-way, in an emergency, in the discretion of the Commission, be condemned after construction of the highway has been commenced as well as prior thereto, although so far as possible all rights-of-way shall be acquired or contracted for before any route is definitely located. This section to apply only to acquisition of property by the State Roads Commission."

By the Act of 1956, Ch. 59, §§ 9A to 9K were added to Art. 89B of the 1951 Code, now, as amended, §§ 10 to 20 of Art. 89B of the present Code.

Section 18 of Art. 89B in the present Code provides:

"In the event either the Commission or the property owner shall be dissatisfied with the findings and award of the board of property review either shall have the right of appeal to the circuit court for the county or the Superior Court for Baltimore City, as the case may be, in whichever jurisdiction the property is situ-

ated. Upon appeal the case shall be heard and determined under the procedure set forth in this article and Article 33A of the Annotated Code of Maryland. If the Commission shall have failed to acquire title to the property and ascertained the amount to be paid for same within one year from the date the plats or maps are recorded, as aforesaid, or have failed to file a condemnation suit in the proper court, as aforesaid, then, and in such case, the value of the property shall no longer be determined as of the date of the plats or maps were recorded but shall be determined as of the time of acquisition unless the value be less at the time of acquisition and then, in such cases, the value shall be determined as of the recordation date."

Judge (now Chief Judge) Hammond, for the Court in *State Roads Comm. v. Orleans,* 239 Md. 368, 372-73, 211 A. 2d 715, 718-19 (1965) summarized the history of this legislation as follows:

"Secs. 10-20 of Art. 89B were originally enacted by Ch. 59 of the Laws of 1956. They require the filing of plats and the payments or deposits of the estimated value of property for an entire section of a road project so as to freeze simultaneously the value of all properties in the path of such a project. They call for negotiation thereafter with the owners and, if there is failure to agree within six months after the plats are recorded and the money provided for, for certification to the Property Review Board (such certification was originally provided for by Sec. 16 of Art. 89B, and now is under Maryland Rule U27 b 1).

"The Board first had to decide the case within five months after certification under Sec. 17 f of Art. 89B but now, by virtue of amendments made by Ch. 36 of the Laws of 1962 and the pro-

mulgation of Maryland Rule U27 c 1, it has only three months for a hearing and an additional month to make an award (Rule U27 d). If the case is not heard by the Board within three months or if an award is not made within thirty days after the hearing, either side may order the matter sent to court for the filing of a condemnation petition, under Maryland Rule U27 e. Under Sec. 18 of Art. 89B, as originally enacted, either the Commission or the property owner could 'appeal' within thirty days to the Circuit Court from an award of the Board and, upon appeal, the case was to be heard and determined under the procedures of Articles 89B and 33A of the Code. If the property owner sought the appeal, he was to notify the Commission in writing and thereupon it became the duty of the Commission to file the condemnation suit in the proper court. (It was held in *Volz v. State Roads Commission,* 221 Md. 209, that the statute meant simply that either side may bring about the filing of a condemnation suit in the Circuit Court and have it heard as a new and independent action and that the 'appeal' was the condemnation case.) Sec. 18, as originally enacted, then used the words quoted above and here to be construed that, if title were not acquired within one year or a condemnation suit not filed, 'as aforesaid,' the valuation date was not to be the recordation date but the 'time of acquisition.' "

This Court promulgated Maryland Rules U15 to U20 on January 1, 1962. By the Act of 1962, Ch. 36, effective June 1, 1962, the procedural portions of § 18 of Art. 89B which were covered by Rules U15 to U20 were repealed, leaving unaffected, however, the provisions in regard to failure to acquire title or to file suit.

Rule U27 provides for a Board of Property Review Procedure for "all cases" under Art. 89B which may be

certified to such a Board. Subsection f of this rule provides:

"f. *Dissatisfaction with Award.*

"1. Notice—Time.

Within thirty days after the filing of the award of the board with the clerk of the court, any party dissatisfied therewith may file written notice of his dissatisfaction with the clerk of the court. A copy of the notice shall be served on a party pursuant to Rule 306 (Service of Pleadings and Other Papers).

"2. Condemnor's Duty to File Petition.

Within thirty days after the filing of notice of dissatisfaction the condemning party shall institute a proceeding for condemnation by filing in court a petition for condemnation, and the same proceedings shall be had thereon as if the matter had never been certified to the board of property review."

The Commission contends that it had filed the condemnation petition of October 10, 1968, under §§ 10-20 of Art. 89B and that, inasmuch as it had filed this petition within three months after it filed its notice of dissatisfaction on September 19, 1968, it had filed a "condemnation suit in the proper court, as aforesaid," within the meaning of § 18 so that the valuation date was January 4, 1968, when the $1,200.00 check was deposited and the plats allegedly filed with the original land acquisition petition, and not February 16, 1970, the date of the trial as the lower court held. The Owners, on the other hand, contend that the lower court's ruling was correct in that (1) the petition filed on October 10, 1968, was filed under § 9 of Art. 89B and not under §§ 10-20, so that the provisions of §§ 4 and 14 of Art. 33A apply and the Commission, not having taken possession of the property and devoted it to public use, the date of valuation is the time of trial; (2) the October 10, 1968, condemnation proceeding was not a "quick taking" petition at all so that §§ 4

and 14 of Art. 33A apply with the result that the date of trial is the date of valuation; and (3) even if the October 10, 1968, condemnation petition were to be deemed, *arguendo*, to be under §§ 10-20 of Art. 89B, nevertheless, the provisions of § 18, as properly interpreted, indicate that the time of filing of plats on January 4, 1968, has not been preserved as the date of valuation and that the date of valuation is the time of trial under §§ 4 and 14 of Art. 33A. It will be convenient to consider the case under the three contentions of the Owners and in the order indicated, (1) and (2) being considered together.

### (1) and (2)

We have indicated in our decision in *State Roads Commission v. Adams*, 238 Md. 371, 209 A. 2d 247 (1965) that when proceeding for immediate possession under Legislation passed pursuant to Article III, Sec. 40B of the Maryland Constitution, the Commission has two alternative methods of proceeding: (1) under § 9 and (2) under §§ 10-20. See note 2 in the opinion in the *Adams* case (238 Md. at 375, 209 A. 2d at 249). These alternative methods of proceeding are well stated in Baker and Altfeld, *Maryland's New Condemnation Code*, 23 Md. L. Rev. 309, 314, as follows:

> "Pursuant thereto [Article III, Section 40B of the Maryland Constitution], the Legislature has given the Commission two methods of obtaining immediate possession. The first method provides for the State Roads Commission to estimate the fair market value of the property to be condemned and to tender this money to the owners or to deposit it in court. If sixty days elapse after completion of the highway and the State Roads Commission and the property owner are unable to agree on damages, then the Commission is empowered to institute condemnation proceedings under Article 33A if it has not already been done at the request of the condemnee.
>
> "The second method, which is available only as to unimproved property, provides for the

State Roads Commission to file plats with the court where the action is docketed and to pay its estimate of damages to the owner or into court and thereupon take possession. If six months pass after recordation of the plats and the parties have not agreed on damages, then the case is certified to the Property Review Board to determine an award. Any dissatisfied litigant may appeal the action of the Board to the court and have his case tried *de novo* under Article 33A." [2]

It is apparent that there may well be different consequences resulting from which method for immediate taking the Commission elects to use.

There seems to be little doubt that the Commission when it proceeded to file its land acquisition petition on January 4, 1968, was proceeding under §§ 10-20 of Art. 89B. It alleged that it was then filing Nos. 33735 and 33736. These are "strip" plats described in § 11 of Art. 89B. See also §§ 13 and 14 in regard to the mandatory requirement that these plats be signed by the Chairman of the Commission after which the plats "shall be recorded with the secretary of the Commission and with the clerk of the circuit court of the county or counties through which the proposed new highway or reconstructed highway traverses . . . ." It is recited on Plats Nos. 33735 and 33736 for 1.60 acres that they were "finalized" by the Chairman and Director of the Commission on December 11, 1967, and were sent to the Record Office in the Circuit Court for Anne Arundel County on January 11, 1968.[3]

---

2. We cited this portion of this Law Review Article in Note 2 already mentioned, but we note that the reference to it in the Official Reports is in error in that the volume of the Maryland Law Review is stated to be "17" rather than the correct "23." The citation is correct in the Atlantic Reporter.

3. Answer 19 of the Appellant's answers to interrogatories below states that Plats Nos. 33735 and 33736 were recorded in Land Acquisition Plat Book on January 4, 1968. This recordation date, however, could not be correct inasmuch as the plats were not *sent* to the clerk until January 11, 1968 and, therefore, must have been recorded after January 11.

When, however, the condemnation petition of October 10, 1968, was filed after the Notice of Dissatisfaction was filed by the Commission, no reference is made to Plats Nos. 33735 and 33736 for the taking of 1.60 acres; but a *new plat* which is *not signed by the Chairman of the Commission* for 1.21 acres is filed with the condemnation petition and this new plat was *not recorded*.

Although the October 10 condemnation petition does refer to the check for $1,200.00 deposited on January 4, 1968, "under the provisions of Chapter 59 of the Acts of 1956" payable to the clerk to the use of the Owners "in conformity with the provisions of Article 89B, Section 9, Public General Laws of Maryland" and the need for immediate possession which the petition alleges was taken on January 4, 1968, there is no mention of the two prior plats and, as we have indicated, the allegation in regard to having taken possession is incorrect, there having been no possession taken on January 4, 1968, or by October 10, 1968, or, indeed, prior to trial.

The Owners urge upon us that when the condemnation petition, itself, states that the check was deposited "in conformity with the provisions of Article 89B, Section 9," this indicates an irrevocable election by the Commission to proceed under the § 9 alternative method of proceeding. This argument has force, but, in our opinion, we need not decide the issue, inasmuch as we have concluded that the Commission could not legally proceed under either § 9 or under §§ 10-20 of Art. 89B. The October 10, 1968, proceeding was in effect under Art. 33A and was not a proceeding for immediate possession at all.

In spite of the allegation in regard to § 9 so far as the deposit of the $1,200.00 check on January 4, 1968, the October 10, 1968, condemnation proceeding could not legally be under § 9 in that the institution by the Commission is only authorized within 60 days "after the completion of construction of the highway" and such completion had obviously not occurred. In any event, if the Commission had been able to proceed under § 9, the provisions of Art. 33A would have applied in that § 9 provides

that the condemnation proceeding shall be instituted "in the manner prescribed by the provisions of Article 33A . . . ." In short, when any condemnation petition is filed pursuant to § 9, it proceeds and is subject to the provisions of Art. 33A which, under §§ 4 and 14 of that Article, as we have seen, would fix the time of trial as the date of valuation.

Nor could the October 10 condemnation petition have been legally under §§ 10-20 of Art. 89B inasmuch as the mandatory requirements under § 14 of signing by the chairman and recording of Plat No. 37213 had not been met. This new plat does not purport to be an "amendment" of Plats Nos. 33735 and 33736; and, as we have indicated, the condemnation petition of October 10, 1968, does not mention these two plats. The amount of land to be taken is different, as we have observed. The Commission filed no petition for leave to "amend" Plats Nos. 33735 and 33736 theretofore finalized and recorded or to substitute Plat No. 37213 in lieu of those plats. See *Concannon v. State Roads Commission,* 230 Md. 118, 186 A. 2d 220 (1962). Indeed, until Plat No. 37213 was finalized and properly prepared for recordation, such a substitution or "amendment" could not have been granted even if a proper petition seeking substitution or "amendment" had been filed by the Commission. The new plat, in our opinion, superseded the two former plats and the October 10 condemnation petition was a new proceeding, with a different and new plat.

As we see it, the only method left to the Commission for the acquisition of the land—still in the possession of the Owners—was under the provisions of Art. 33A.

Then, too, the Commission had not taken, and obviously did not intend to take, "immediate possession" of the subject property, had not acquired title and had not paid the full compensation to the Owners, the basic purposes of the extraordinary power granted to the Commission under § 9 and §§ 10-20 of Art. 89B pursuant to the Constitutional Amendment.

As we said in *State Roads Comm. v. Orleans, supra*:

> "We think the legislative purpose revealed by the history and wording of Secs. 9-20 of Art. 89B was that if the Commission took too long to acquire title and pay the full amount of compensation due for the taking, the valuation date of the property taken was not to be the time the maps and plats were recorded, as ordinarily it would be, but rather the date legal title was acquired." (239 Md. at 372; 211 A. 2d at 718.)

Under the circumstances of this case, it can be inferred that the Commission did not intend to proceed under the immediate possession provisions of Art. 89B, but rather to proceed under the usual method for acquisition of property by condemnation provided for in Art. 33A.

### (3)

The Owners successfully argued below and earnestly argued before us that even if it be assumed for the argument that the Commission had proceeded under §§ 10-20 of Article 89B, the proper construction of the language of § 18 "*or* have failed to file a condemnation suit in the proper court, *as aforesaid*" (Emphasis supplied.) leads to the conclusion that the Commission has not preserved the date of filing of plats on January 4, 1968, as the date of valuation. The ambiguities in the language of § 18 have been carefully considered in *Orleans* and need not be further elaborated upon by us in this opinion. See *Orleans, supra,* 239 Md. 373-76, 211 A. 2d 718-20.

We do not reach this question in view of our opinion that the Commission could not legally proceed under § 9 or under §§ 10-20 of Art. 89B, but must have proceeded under the provisions of Art. 33A.

Finding no error in the decision of the lower court, we shall affirm the judgment.

*Judgment affirmed, the appellant to pay the costs.*