JOSEPH F. VALLARIO, JR. ET UX. V. STATE ROADS
COMMISSION OF THE STATE HIGHWAY
ADMINISTRATION

[No. 1351, September Term, 1979.]

*Decided June 17, 1980.*

The cause was argued before MOYLAN, MOORE and LISS, JJ.

*Joseph F. Vallario, Jr.,* with whom were *Sebert H. Keiffer, G. Richard Collins* and *James F. Farmer* on the brief, for appellants.

*Carl Harrison Lehmann, Assistant Attorney General and Special Counsel,* with whom were *Stephen H. Sachs,*

*Attorney General, Nolan H. Rogers, Assistant Attorney General and Chief Counsel,* and *Louis J. Kozlakowski, Jr., Assistant Attorney General and Special Counsel,* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

On October 2, 1979, a final judgment was entered by the Circuit Court for Prince George's County (Melbourne, J.) on a jury's inquisition condemning appellants' properties and awarding them $95,000.00 for each of two parcels. Two condemnation proceedings, initiated by the State Roads Commission, had been consolidated prior to trial. In Law No. 73447 appellants here and a third owner of one parcel appealed to the circuit court *in banc,* pursuant to Maryland Constitution, art. IV, § 22. The *in banc* panel affirmed the inquisition in an oral opinion by Judge Bowen. The instant appeal was taken from the judgment entered in Law No. 73446 involving a parcel owned jointly by Joseph F. and Mary T. Vallario.

The property owners contend that the condemnation proceedings were invalid because:

1) The State Roads Commission did not "sit in judgment" of the condemnation as required under Maryland Constitution, art. III, § 40B;

2) The State Roads Commission did not adhere to the Administrative Procedure Act, Md. Ann. Code, art. 41, §§ 244-256 (1978); and

3) Appellants successfully rebutted the presumption of necessity for the taking, and the decision of the State Roads Commission to condemn appellants' property was unreasonable, arbitrary, and capricious.

Although not brought to our attention by the appellee, State Roads Commission, we note that appellants petitioned the circuit court for the release of the funds paid into court by the Commission. On October 5, 1979 the circuit court ordered that $96,187.94, representing the jury's inquisition

of $95,000.00 plus interest, be released to the appellants. That same day the appellants acknowledged receipt of the funds in Law No. 73446. The docket entries reveal that a check, dated October 9, 1979 and payable to Joseph F. Vallario, Jr., and Mary T. Vallario, was personally delivered to Mr. Vallario on October 11, 1979. The face of the check reveals that it was in payment "Per Law #73446." It is clear from the record that appellants requested and accepted the funds paid into court pursuant to the jury's inquisition. Twenty-four days after the order for payment was signed by the trial judge, appellants noted an appeal to this Court.

We shall, *sua sponte,* dismiss the appeal. The "general rule" is that "an appellant cannot take the inconsistent position of accepting the benefits of a judgment and then challenge its validity on appeal." *Shapiro v. Maryland-National Capital Park and Planning Commission,* 235 Md. 420, 424, 201 A.2d 804, 805 (1963). Moreover, "the general rule usually has been applied in condemnation appeals. . . ." *Id.* at 425, 201 A.2d at 805. *See Acting Director, Department of Forests and Parks v. Walker,* 271 Md. 711, 716-17, 319 A.2d 806, 809-810 (1974) (reaffirming the *Shapiro* rule and applying it to dismiss an appeal by the condemnor). This defect in the appeal may be recognized by the Court on its own motion. *Suburban Development Corp. v. Perryman,* 281 Md. 168, 377 A.2d 1164 (1977). In *Perryman,* the Court of Appeals, upon its own review of the record, ordered this Court to dismiss the appeal because "Perryman has, by his own action in accepting payment of the $586.25 under the circuit court decree, effectively forfeited his right to appellate review." *Id.* at 171, 377 A.2d at 1165. The Court pointed out that the rule is "well-established." *Id.*

The Maryland rule on the waiver of the right to appellate review by the acceptance of payment on a final judgment and its applicability to condemnation proceedings has been recognized by the commentators. Nichols states:

> "It is undoubtedly the law that an owner of land taken by virtue of eminent domain proceedings who

has accepted and been paid the award of damages cannot afterwards contest the validity of the taking, either directly or collaterally, or seek to recover or retain possession of his land, no matter how fundamental the defect in the proceedings may be."

6A Nichols, *The Law of Eminent Domain* § 28.321, p. 28-112 (3d. ed. 1979). Courts in other states that have confronted this problem have generally followed the same rule. *See, e.g., Duffey v. School District No. 1 of Washington County,* 200 Neb. 702, 265 N.W.2d 212 (1978) (basing the rule on an estoppel theory); *R. V. Welch Assocs. v. State Highway Department,* 114 Ga. App. 482, 151 S.E.2d 830 (1966) (holding that appeal after property owner accepted condemnation award presents only moot questions); *Swan Boulevard Development Corp. v. Cybulski,* 14 Wis. 2d 169, 109 N.W.2d 671 (1961) (applying the rule of Nichols).

The Supreme Court of Texas had before it a similar situation in *State v. Jackson,* 388 S.W.2d 924 (Tex. 1965). In recognizing the general rule, the court pointed out:

> "*After an award has been made, and the money deposited in the registry of the Court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful.* In legal contemplation, he has consented to such taking and will not be permitted to retain his compensation and at the same time assert that the condemning authority had no right to take his property under the eminent domain power." (Emphasis added.)

*Id.* at 925. A comparable approach to this issue was taken by the Supreme Court in *Winslow v. Baltimore & Ohio Railroad Co.,* 208 U.S. 59 (1908), a condemnation case arising from the District of Columbia. The Court ruled that appellants had waived their objections to the proceeding by accepting the sum awarded for the land. *Id.* at 62-63. *See also Smart v. Texas Power and Light Co.,* 525 F.2d 1209 (5th Cir.), *cert. denied,* 429 U.S. 826 (1976) (the rule of waiver by acceptance of award is not unconstitutional).

One exception to the rule was recognized in *Shapiro* where the Court entertained the appeal because the appellant did not raise "any other question except the fairness or correctness of the amount of the award. . . ." *Shapiro v. Maryland-National Capital Park and Planning Commission, supra,* 235 Md. at 425, 201 A.2d at 806. In the instant case appellants do not challenge the amount of the award allowed by the jury's inquisition; they contest only the underlying validity of the condemnation proceedings, having been paid and having accepted the amount awarded by the jury.

Appellants, by accepting the compensation awarded by the jury for the taking of their property, have implicitly acknowledged that the Commission had the right to condemn the property upon payment of the proper award. They now have their money and the Commission has its property. Viewed in this posture, there is little that an appeal could do to undo what has been done. In this sense the rule has practical underpinnings. Of course, where the only issue on appeal is the amount of the award, a new trial on the issue of damages is possible and may be accomplished without any disruption to the condemnor's possession of the property. Thus, a party who contests only the amount of the award may withdraw the money from the court pending the outcome of that issue on appeal. Should the award be reduced as a result of the appeal the party would, of course, be required to refund the difference to the condemning authority. *Cf.* Md. Transp. Code Ann., § 8-337 (1977) (property owner may withdraw money that Commission pays into court prior to the jury's inquisition if he agrees to return any excess over the final award allowed by the jury).

Since appellants have accepted the benefits of the condemnation award and since they do not challenge the amount of the award, they have effectively waived their right to appellate review. We must dismiss their appeal as not allowed by law.

> *Appeal dismissed; costs to be paid by appellants.*