JOSEPH F. VALLARIO, JR., ET UX. *v.* STATE ROADS COMMISSION OF THE STATE HIGHWAY ADMINISTRATION

[No. 68, September Term, 1980.]

*Decided March 26, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Joseph F. Vallario, Jr.,* with whom were *Sebert H. Keiffer, G. Richard Collins* and *James F. Farmer* on the brief, for appellants.

*Carl Harrison Lehmann, Special Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Nolan H. Rogers* and *Louis J. Kozlakowski, Jr., Assistant Attorneys General,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court. MURPHY, C. J., dissents and files a dissenting opinion at page 8 *infra.*

We shall here hold that in a "quick-take" under Maryland Code (1977) §§ 8-334 to -339, Transportation Article, a landowner is not precluded from an appeal by the fact that under § 8-337 he has withdrawn the funds originally paid into court and also those paid in after trial. This is true notwithstanding the fact that he seeks on appeal to contest the necessity for the condemnation. Accordingly, we shall reverse the judgment of the Court of Special Appeals in *Vallario v. State Roads Comm'n,* 46 Md. App. 111, 415 A.2d 661 (1980), which dismissed the appeal in this case.

For purposes of this opinion the facts may be briefly stated. Appellants, Joseph F. Vallario and Mary T. Vallario, his wife, owned a tract of land in Prince George's County which the State Roads Commission desired to acquire in connection with an interchange between Rts. I-495 (Capital Beltway) and Md. Rt. 414 (St. Barnabas Road). Invoking the authority of Maryland Constitution Art. III, § 40B, Code

(1977) §§ 8-334 to -339, Transportation Article, and Code (1974, 1977 Cum. Supp.) Title 12, Real Property Article, the State Roads Commission of the State Highway Administration instituted a proceeding in the Circuit Court for Prince George's County to condemn the property. It deposited the sum of $74,400 in court. The jury returned an inquisition in the amount of $95,000. The Commission then paid into court an additional $21,787.94, representing the difference between the initial deposit and the jury's inquisition together with accrued interest. Three days after final judgment was entered the Vallarios petitioned for withdrawal of this sum. The Commission through its attorney consented to the withdrawal. A notice of appeal was filed by the Vallarios some twenty-four days later.

The appeal to the Court of Special Appeals was in no way concerned with the valuation of the property. Three issues were presented to that court:

> I. Whether the State Roads Commission is required to sit in judgment when passing a resolution to proceed with condemnation to acquire private property pursuant to Article III of the Maryland Constitution, Section 40B and if so, did they meet that requirement in this case.

> II. Whether the State Roads Commission is an administrative agency and if so, are they compelled to comply with the Administrative Procedures Act, Article 41, Section 244-256 and were the requirements of the Administrative Procedures Act adhered to in this case.

> III. Whether the Appellants sufficiently rebutted the resolution of the State Roads Commission with regard to the question of necessity.

Thus, it will be seen that the Vallarios sought to contest the validity of the condemnation proceeding and the necessity for the acquisition. The Court of Special Appeals ex mero motu dismissed the appeal. It said, "Since appellants have accepted the benefits of the condemnation award and since they do not challenge the amount of the award, they have

effectively waived their right to appellate review." *Id.* 46 Md. App. at 115. We granted the writ of certiorari limited solely to the issue of whether the owners of real property whose property has been condemned under Code (1977) §§ 8-334 to -339, Transportation Article, entitled " 'Quick-Take' Condemnation by Commission-Accelerated Procedure," waived their right to appellate review because they had withdrawn funds from the court.

The Court of Special Appeals relied upon the general rule that "an appellant cannot take the inconsistent position of accepting the benefits of a judgment and then challenge its validity on appeal," as stated by Judge Hammond for this Court in *Shapiro v. Md.-Nat. Park Comm.,* 235 Md. 420, 424, 201 A.2d 804 (1964). In that case Judge Hammond said for the Court that "the general rule usually has been applied in condemnation appeals . . . ." *Id.* at 425. The Court of Special Appeals quoted from 6A P. Nichols, *The Law of Eminent Domain* § 28.321 at 28-112 (3d ed. 1979) to similar effect. It likewise cited several cases applying the rule. Some of those arose in "quick-take" situations similar to the case at bar. As pointed out by A. Jahr, *Law of Eminent Domain* § 177 (1953), the questioning by a condemnee of the right of the condemnor to take or the regularity of the proceeding is regarded as inconsistent with the acceptance of payment. In *Shapiro* this Court held that in a "quick-take" situation the landowner could appeal notwithstanding the fact that he had withdrawn the sums paid into court if he were not challenging the right to condemn or raising any question except the size of the jury's award. *Id.* at 425. This seems to be in accordance with the prevailing view elsewhere. See 4 Am. Jur. 2d *Appeal and Error* § 258 at 754 (1962).

The Vallarios accept this rule but they point out that § 8-337 states:

> On written request to the clerk of the court, the property owner is entitled to receive any amount paid into the court for his benefit, without prejudice to any of his rights, if he agrees to repay to the Commission any excess of that amount over the

final award that is allowed in the subsequent condemnation proceedings.

We see the issue as turning on statutory construction. The principles of statutory construction have been stated by this Court many times. We reviewed a number of them in *Police Comm'r v. Dowling,* 281 Md. 412, 418-20, 379 A.2d 1007 (1977), referring to a number of our prior cases for each statement made. The only principles relevant to this proceeding are that the cardinal rule of statutory construction is to ascertain and carry out the real legislative intent; in determining that intent the court considers the language of an enactment in its natural and ordinary signification; and if there is no ambiguity or obscurity in the language of a statute, there is usually no need to look elsewhere to ascertain the intent of the General Assembly. *Accord, Department of Public Safety v. LeVan,* 288 Md. 533, 544-45, 419 A.2d 1052 (1980); *Dorsey v. Beads,* 288 Md. 161, 175-76, 416 A.2d 739 (1980); and *Messitte v. Colonial Mortgage Serv.,* 287 Md. 289, 293-94, 411 A.2d 1051 (1980).

Our "quick-take" statutes relative to acquisition for roads were originally enacted by Chapter 606 of the Acts of 1941 contingent upon the adoption by the people of the State of what is now Const. Art. III, § 40B. In *State Roads Comm'n v. Pumphrey,* 260 Md. 633, 637-46, 273 A.2d 81 (1971), Judge Barnes reviewed for the Court Code (1957) Art. 89B, §§ 9-20, the predecessors of the present "quick-take" provisions of the Transportation Article relative to highway acquisition. The predecessor of §§ 8-334 to -339 is § 9.

The headings inserted in the present Transportation Article are not ones put there by the codifier but are a part of the act itself, Chapter 13 of the Acts of 1977. See Code (1957, 1981 Repl. Vol.) Art. 1, § 18 relative to captions or headlines of code sections and subsections otherwise. Title 8 of that article pertains to highways. Subtitle 3 of it concerns the acquisition and disposition of property. That subtitle is in turn divided into parts. That with which we are here concerned is headed "Part IV. 'Quick-Take' Condemnation by Commission-Accelerated Procedure." The scope of "Part IV" is set forth in § 8-334 stating:

(a) *In general.* — If the Commission determines that condemnation under Part III of this subtitle is inappropriate, the Commission may acquire property by condemnation under this part, after making every reasonable and good faith effort to negotiate.

(b) *Applicability of general condemnation law.* — Except as provided in this part, condemnation proceedings under this part shall follow the procedures set forth in Title 12 of the Real Property Article and the Maryland Rules.

The "Part III" to which reference is made in § 8-334 is entitled " 'Quick-Take' Condemnation by Commission-Board of Property Review Procedure" and is derived from former Art. 89B, §§ 10-20. Part IV states in § 8-335 the procedure for condemnation which is to file a petition in the court for the county in which the property to be acquired is located and to pay to the owner or into court for the owner's benefit the amount estimated to be the fair value of the property to be acquired and fair compensation for any damage resulting to the remaining property of the owner. Then § 8-336 provides that after the petition is filed and payment is made the Commission may take possession of the property and proceed with construction without interference by the owner.

The effect of payment is stated in § 8-338 to the effect that it does not limit in any way the amount of the final award which may be allowed in the subsequent condemnation proceedings. Then § 8-339 provides, "At the conclusion of all proceedings, the Commission shall pay to the property owner any excess of the final award over the amount paid under § 8-335 of this subtitle."

We have here a clear and unambiguous statute. It states plainly that "the property owner is entitled to receive *any* amount paid into the court for his benefit" upon his promise to repay to the Commission any excess of that amount over the final award. (Emphasis added.) The Commission was not obliged under § 8-339 to pay the excess over the amount initially paid into court until the proceedings were

concluded by the expiration of the time for appeal or there had been an affirmance on appeal. Undoubtedly the reason it elected to pay when it did was to stop the running of interest.

Regardless of what the rule may be elsewhere, the plain meaning of this statute is that the Vallarios are entitled to withdraw all the money paid into court and to appeal provided they agree to repay the Commission any excess of that amount over the final award. They so agreed in writing.

It follows, therefore, that the Court of Special Appeals erred in dismissing the appeal. It must now proceed to consider the contentions of the Vallarios.

> *Judgment reversed and case remanded to the Court of Special Appeals for further proceedings consistent with this opinion; appellee to pay the costs.*

*Murphy, C. J., dissenting:*

I agree with the Court that the issue in this case turns on the proper construction of § 8-337. I do not, however, agree with the majority that that section permits the Vallarios to accept the full amount of the award and to thereafter appeal, challenging only the necessity for the taking, rather than the fairness of the amount of the award. The Court of Special Appeals, speaking through Judge Moore, construed § 8-337, I think properly, to mean that the property owner may withdraw any money that the Commission paid into Court *prior to the jury's inquisition,* so long as he agrees to return any excess over the final award allowed by the jury. I think *Shapiro v. Md.-Nat. Park Comm.,* 235 Md. 420, 424, 201 A.2d 804 (1964) plainly supports this construction of the statute and I therefore conclude that the appeal was properly dismissed by the Court of Special Appeals.