WILLIAM I. KING *v.* STATE ROADS COMMISSION OF
THE STATE HIGHWAY ADMINISTRATION, acting for
and on behalf of the State of Maryland

[No. 157, September Term, 1981.]

*Decided September 2, 1982.*

The cause was argued before MURPHY, C. J., and SMITH,
ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*R. Edwin Brown,* with whom were *John R. Clapp* and
*Brown & Sturm* on the brief, for appellant.

*Frank W. Wilson, Special Counsel for the State Roads
Commission,* with whom were *Stephen H. Sachs, Attorney
General,* and *Nolan H. Rogers, Assistant Attorney General,*
on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

Because a circuit court clerk failed to enter a judgment absolute as of course after entry of a judgment nisi, we shall be obliged to dismiss this appeal as not from a final judgment.

Although not so framed, the essence of the complaint of Appellant William I. King in this proceeding is that he has been deprived of his property without due process of law because the State Roads Commission paid interest only at the rate of 6% per annum on the difference between the sum of money deposited in court in a "quick-take" eminent domain proceeding and the damage award ultimately returned by the jury. We issued the writ of certiorari on our own motion prior to consideration of this case by the Court of Special Appeals in order that we might address this issue, which we did not reach in *Walker v. Acting Director,* 284 Md. 357, 396 A.2d 262 (1979). It is unfortunate that we again shall be unable to decide this interesting question.

We shall first set forth a bit relative to Maryland's condemnation laws as to roads and "quick-take" procedures because the parties apparently are somewhat confused as to which sections they are proceeding under.

Maryland Constitution Art. III, § 40B authorizes the General Assembly to provide by law for the State Roads Commission to take land immediately "upon payment therefor to the owner or owners thereof by said State Roads Commission, or into Court, such amount as said State Roads Commission shall estimate to be of the fair value of said property, provided such legislation also requires the payment of any further sum that may subsequently be awarded by a jury." The legislation thereafter enacted provided two distinct methods for proceeding under that constitutional provision. See *State Roads Comm'n v. Pumphrey,* 260 Md. 633, 646-47, 273 A.2d 81 (1971); *State Roads Comm. v. Adams,* 238 Md. 371, 375 n.2, 209 A.2d 247 (1965); and Baker & Altfeld, *Maryland's New Condemnation Code,* 23 Md. L. Rev. 309, 314 (1963). Recodification has

brought these two procedures into Maryland Code (1977) Subtitle 8, Part III (§§ 8-318 to 31) and Part IV (§§ 8-334 to 39), Transportation Article. See *Vallario v. State Roads Comm'n*, 290 Md. 2, 6-7, 426 A.2d 1384 (1981).

Under § 8-331 in Part III, the Commission must pay the property owner any excess of the final award over the amount paid under § 8-323 and "[i]nterest on the excess from the date of payment under § 8-323 . . . at the rate of 6 percent a year." That part uses property review boards.

Part IV contains no section pertaining to interest. However, § 8-334 (b) states, "Except as provided in this part, condemnation proceedings under this part shall follow the procedures set forth in Title 12 of the Real Property Article and the Maryland Rules." Code (1974, 1981 Repl. Vol.) § 12-106 (c) (as last amended by Ch. 108 of the Acts of 1975), Real Property Article, provides that the condemning party "shall pay interest at the rate of 6 percent per annum on any difference between the amount of money initially paid into court for the use of the defendant and the jury award as stated in the inquisition, from the date the money was paid into court to the date of the inquisition or final judgment, whichever date is later." Thus, the actual interest provisions of Parts III and IV are virtually identical.

Maryland Rule U21 a provides:

> "If the decision is for the plaintiff on the right to condemn, the court, upon the return of the inquisition, shall give judgment *nisi* in favor of the plaintiff for the property condemned and in favor of each defendant or class of defendants against the plaintiff for the amount of damages awarded to such defendant or class of defendants and his or their costs."

Then Rule U21 d states:

> "Upon a motion in arrest of judgment, for new trial, or for judgment *non obstante veredicto* being overruled, or if no such motion is filed within three

days after entry of judgment *nisi,* the clerk shall enter final judgment as of course in accordance with the judgment *nisi.* No final judgment shall be entered while such a motion is pending."

In this proceeding, the State Roads Commission of the State Highway Administration filed its petition for condemnation under "Sections 8-334 — 8-339 of the Transportation Article," paying the sum of $16,875 into court. Therefore, § 8-331 can in no way be applicable to this proceeding, although both parties based their arguments on that section.

The jury returned the inquisition under date of October 20, 1980. It found that the land mentioned should be condemned and said that the damages totaled $64,693.50. Despite the clear mandate of Rule U21 d and Rule 567 f as to actions generally, the clerk has not yet entered a judgment absolute. We observe that the Court said in *Hammond v. State Roads Comm.,* 241 Md. 514, 517, 217 A.2d 258 (1966), that the judgment in an eminent domain proceeding should be so entered as to carry interest from the date of the entry of judgment nisi. The judgment absolute should have included interest at the rate of 6% per annum on any difference between the amount of money initially paid into court for the use of the property owner and the jury award as stated in the inquisition from the date the money was paid into court to the date of the final judgment as specified in § 12-106 (c), Real Property Article, to which we have already referred. Since this judgment would have been entered subsequent to July 1, 1980, it would have carried interest at the rate of 10% per annum from the date of entry of the judgment nisi. *See* Code (1974, 1980 Repl. Vol., 1981 Cum. Supp.) § 11-107 (a), Courts and Judicial Proceedings Article.

After withdrawing the money which the Commission deposited in court on January 13, 1981, King moved on February 6, 1981, for what he called "supplemental interest." He claimed that this should be "at a rate which w[ould]

fulfill the Constitutional requirements of just compensation." His request was denied and this appeal followed.[1]

In *Eastgate Associates v. Apper,* 276 Md. 698, 350 A.2d 661 (1976), Judge Eldridge said for the Court:

> "In the instant case, the appeal was taken from the instruction granting a directed verdict. Such an instruction is equivalent to a jury verdict, *see* Rule 552 e, and is analogous to the entry of a judgment *nisi* in an action tried by the court, *Merlands Club, Inc. v. Messall,* [238 Md. 359,] 362 [, 208 A.2d 687 (1965)]; Rule 564 b 1. As with a judgment *nisi,* a verdict, whether reached by jury or directed by the court, is not a final order. *See* Rule 567 f. '[I]t is indisputably clear that there is no right to appeal from a verdict,' *Montauk Corp. v. Seeds,* 215 Md. 491, 502, 138 A.2d 907 (1958). *See,* additionally, *Hawkins v. GMAC,* [250 Md. 146,] 148, [242 A.2d 120 (1968)]; *Merlands Club, Inc. v. Messall, supra,* 238 Md. at 362-363; *Md., Del. and Va. Rwy. Co. v. Johnson,* 129 Md. 412, 99 A. 600 (1916)." Id. at 701-02.

With certain narrow exceptions, not applicable here, set forth in Code (1974, 1980 Repl. Vol.) § 12-303, Courts and Judicial Proceedings Article, appeals must be from final judgments. Section 12-301, Courts and Judicial Proceedings Article. *See, e.g., Lewis v. Lewis,* 290 Md. 175, 180, 428 A.2d 454 (1981); *Wylie v. Johnston,* 29 Md. 298, 303-04 (1868);

---

1. This appeal does not challenge the validity of the judgment as in *Vallario v. State Roads Comm'n,* 290 Md. 2, 426 A.2d 1384 (1981). Accordingly, the general rule that a party may not take the inconsistent position of accepting the benefits of a judgment and then challenge its validity on appeal, which was discussed for the Court by Judge Hammond in *Shapiro v. Md.-Nat. Park Comm.,* 235 Md. 420, 424, 201 A.2d 804 (1964), does not come into play. The Court said in *Shapiro* that an exception to this rule is " 'where the right to the benefit received is conceded by the opposite party, or where the appellant would be entitled thereto in any event.' " *Id.* at 424, quoting *Bethlehem Steel Co. v. Mayo,* 168 Md. 410, 413, 177 A. 910 (1935), and citing *Lewis v. Lewis,* 219 Md. 313, 149 A.2d 403 (1959), and *Petillo v. Stein,* 184 Md. 644, 42 A.2d 675 (1945). Here "the appellant would be entitled [to the sum paid] in any event."

and *Snowden et al. v. Dorsey et al.,* 6 H. & J. 114, 115-16 (1823). It is elementary that parties may not confer appellate jurisdiction by consent upon this Court or the Court of Special Appeals. *Blocher v. Harlow,* 268 Md. 571, 578, 303 A.2d 395 (1973), and *Price v. Hobbs,* 47 Md. 359, 378 (1877). It follows, therefore, that since the appeal here is not from a final judgment, it must be dismissed.

*Appeal dismissed; appellant to pay the costs.*