524 A.2d 1235

**Audrey BLUCHER**

v.

**Doris Jean EKSTROM et al.**

**No. 141, Sept. Term, 1986.**

Court of Appeals of Maryland.

May 8, 1987.

Motion for Reconsideration Denied
June 8, 1987.

Thomas J. Dolina (Thomas G. Bodie and Power & Mosner, on the brief), Towson, for appellant.

Charles E. Stoner, Westminster, for appellees.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

ELDRIDGE, Judge.

We granted a petition for a writ of certiorari in this case to consider the following question set forth by petitioner:

"Whether the duty of an adult child to support and care for a destitute parent creates a concomitant cause of action entitling the adult child providing support and care to recover damages from the party who injured the parent, which injuries resulted in the parent becoming destitute?"

Unfortunately, because there was no timely order of appeal filed from the final trial court judgment deciding that issue, there can be no appellate resolution of the question in this case.

The plaintiff, Audrey Blucher, filed in the Circuit Court for Carroll County a three-count complaint, seeking damages from the defendants Doris Jean Ekstrom and Carroll Lee Ekstrom. The lawsuit stemmed from an automobile accident involving a vehicle owned and operated by the plaintiff Audrey Blucher and a vehicle owned by the defendant Doris Jean Ekstrom and operated by the defendant Carroll Lee Ekstrom. The plaintiff's mother, Betty J. Hoyer, was a passenger in the plaintiff's vehicle at the time of the accident. In Count I of the complaint, the plaintiff sought damages for her own personal injuries based on

theories of negligence and respondeat superior. Count II of the complaint encompassed the same damages but on a theory of negligent entrustment. Count III of the complaint represented a separate claim for different alleged damages based upon the asserted cause of action reflected in the previously quoted certiorari question.

The defendants filed a motion to dismiss Counts II and III of the complaint, and a hearing on the motion was held. At the conclusion of the hearing on December 23, 1985, an order was entered on the docket stating: "Motion Granted as to Count 3. Court reserved ruling as to Count 2." The plaintiff then filed an order of appeal from the order granting the motion to dismiss Count III. On January 28, 1986, the Court of Special Appeals dismissed the appeal, stating that no order had been entered pursuant to Maryland Rule 2–602 and that there was no final judgment.

On March 18, 1986, the circuit court signed an order which recited that a motion to dismiss Count II and III had been filed and which went on to state:

"ORDERED that Count III of Plaintiff's Complaint be dismissed without leave to amend. This Court thus enters final judgment for the Defendant on that Count. "It is further ORDERED, that this Court will reserve judgment as to Count II of Plaintiff's Complaint."

A docket entry on the same date contained the same language as the order. The plaintiff on March 27, 1986, filed an order of appeal from the March 18th order.

Next, on April 9, 1986, the circuit court signed the following order:

"ORDER NUNC PRO TUNC AS SUPPLEMENT TO THE FINAL ORDER ENTERING JUDGMENT ON MOTION TO DISMISS

Upon review of the final Order presented and signed on March 18, 1986, it is, this 9th day of April, 1986,

FURTHER ORDERED, that there is no just reason for delay and thereby expressly orders and enters judgment

for the Defendant as to Count III of the Plaintiff's Complaint.

All other portions of this Court's previous Order remain."

This order was entered on the docket the following day, April 10, 1986. No order of appeal was filed from the order entered on April 10th. The last order of appeal filed was on March 27, 1986.

The plaintiff and the defendants proceeded in the Court of Special Appeals on an expedited basis and an agreed statement of facts.[1] The agreed statement of facts recited that the circuit court's decision on Count III "was finalized by Order dated March 18, 1986, in compliance with Maryland Rule 2–602." The March 18th order was not quoted, and the agreed statement made no mention of the order signed on April 9th and filed on April 10th. The Court of Special Appeals, proceeding on the assumption that it had jurisdiction, affirmed. *Blucher v. Ekstrom*, 68 Md.App. 459, 513 A.2d 923 (1986). As previously mentioned, we then granted the plaintiff's petition for a writ of certiorari.

Rule 2–602, which was formerly numbered Rule 605 a, provides as follows:

"Rule 2–602. JUDGMENTS NOT DISPOSING OF ENTIRE ACTION

"(a) Generally.—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

(1) is not a final judgment;

(2) does not terminate the action as to any of the claims or any of the parties; and

---

1. *See* Maryland Rule 1029.

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

(b) When Allowed.—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment;

(1) as to one or more but fewer than all of the claims or parties; or

(2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only."

For a recent discussion of the history of Rule 2–602, *see Yarema v. Exxon Corp.*, 305 Md. 219, 232–240, 503 A.2d 239, 246–249 (1986).

■ None of the trial court orders in the instant case disposed of the action or purported to adjudicate anything other than Count III. Consequently, under the above-quoted language of Rule 2–602(a), none of the orders constituted a final judgment or terminated the action as to any claim unless there was compliance with subsection (b) of Rule 2–602.

Under subsection (b), a trial court may order the entry of final judgment as to an entire claim [2] or party, but less than all claims or parties, if the court in a written order makes an express determination that there is no just reason for delay. In this case, neither the order of March 18, 1986, nor any earlier order contained the trial court's express determination of no just reason for delay. When the order of appeal was filed on March 27, 1986, there existed no appealable judgment in the case. It was not until the trial court's order dated April 9, 1986, and entered on April 10, 1986, that the express determination of no just reason for delay

**2.** Except for the situation dealt with in subsection (b)(2), a trial court is not permitted under subsection b of Rule 2–602 to make final an order disposing of only part of a claim. *Snowden v. Baltimore Gas & Electric*, 300 Md. 555, 560–561, 479 A.2d 1329, 1332 (1984), and cases there cited.

was made. Thus, the final judgment with respect to the claim set forth in Count III was entered on April 10, 1986. No order of appeal, however, was filed on or after April 10, 1986.

■ Under a long line of this Court's decisions, when an order of appeal is filed *before* the appealable judgment, the order of appeal is of no force and effect. There must still be an order of appeal filed *after* the appealable judgment to confer appellate jurisdiction. *Md.-Nat'l Cap. P. & P. Comm'n v. Crawford,* 307 Md. 1, 38 n. 17, 511 A.2d 1079 (1986); *Director of Fin., Pr. Geo's Co. v. Cole,* 296 Md. 607, 614, 465 A.2d 450 (1983); *Parkington Apartments v. Cordish,* 296 Md. 143, 146, 460 A.2d 52 (1983); *Institutional Mgt. v. Cutler Computer,* 294 Md. 626, 630, 451 A.2d 1224 (1982); *King v. State Roads Comm'n,* 294 Md. 236, 449 A.2d 390 (1982); *Eastgate Associates v. Apper,* 276 Md. 698, 350 A.2d 661 (1976); *Merlands Club v. Messall,* 238 Md. 359, 362–363, 208 A.2d 687 (1965).

■ Moreover, in the present case the trial court's use of the "nunc pro tunc" language in the April 10th order did not make the March 18th order appealable, thereby giving vitality to the premature order of appeal filed on March 27th. If the plaintiff desired appellate review of the dismissal of Count III, she was required to file another order of appeal within thirty days after the entry of judgment on April 10th. *See Lewis v. Lewis,* 290 Md. 175, 181, 428 A.2d 454 (1981) ("the order of the trial judge under Rule 605 a was entered here *after* Mrs. Lewis filed her ... order for appeal.... The nunc pro tunc language of the May 27 order was a nullity since it purported to affect that which had already been appealed"); *Lang v. Catterton,* 267 Md. 268, 275–286, 297 A.2d 735 (1972) (same situation as in the present case, and this Court dismissed the appeal). *See also Lindsay v. Stemper,* 166 Md. 257, 261, 170 A. 766 (1934), where the Court commented: "But obviously the trial court could not confer upon this Court jurisdiction where none existed, nor by the mere use of the words

*'nunc pro tunc'* give to an order passed in October the same effect it would have had if passed in June."

As there was no order of appeal filed in this case from the final judgment dismissing Count III and entered on April 10, 1986, the Court of Special Appeals acquired no appellate jurisdiction.

JUDGMENT OF THE COURT OF SPECIAL APPEALS' VACATED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE APPEAL. APPELLANT TO PAY COSTS.