**O. V. TALKINGTON et al., Appellants,**

v.

**The CITY OF CHICKASHA, a Municipal Public Service Corporation, and Chickasha Municipal Authority, Appellees.**

**No. 47090.**

Supreme Court of Oklahoma.

June 24, 1975.

Reuel W. Little, Dan Little, Prudence M. Little, Little, Little, Little & Windel, Madill, for appellants.

Owen Vaughn, City Atty., Chickasha, for appellees.

LAVENDER, Justice:

In 1957, the City of Chickasha under its power of eminent domain brought a condemnation action against four individual owners of real property containing 140 acres located in Caddo County. The action sought to acquire the fee simple title to the property involved. Owners received proper notice. After the commissioners' report was filed, the condemnor city paid in the compensation awarded and took possession of the real property. The owners filed no objection to the taking in the condemnation proceedings. They filed no objection to the commissioners' report. They filed no request for jury trial. They drew down the compensation awarded. The condemnor city filed a request for jury trial. That request was subsequently withdrawn and a court decree entered confirming the taking. This withdrawal and decree was without notice to the owners.

In 1971 these same individual owners, O. V. Talkington, Susie Talkington, O. E. Talkington, and Lena Talkington (owners) as plaintiffs, now appellants, brought this case at bar against the City of Chickasha (city) and an entity, said to claim a possessory interest through the city, as defendants, now appellees. The action attacked the necessity of the taking and the taking of a full fee simple title. Trial was to the court over the objection of the owners. They had demanded a jury trial. Much of the evidence was expert and technical going to the necessity for the taking. The trial court made findings of fact and conclusions of law. Judgment was entered for the defendants. It denied any interest in the real property to the plaintiffs and found the defendants to have a full fee simple title under the eminent domain taking.

The owners excuse their failure of filing any objections in the condemnation proceedings as having been misled by the city. At trial, owners' counsel agreed they do not plead fraud. Owners' brief does not argue fraud. This is not a fraud case.

The owners raise no issue of due process in the 1957 condemnation proceeding. They did receive proper notice, had actual knowledge of the condemnation proceeding, and accepted the commissioners' award of compensation for their property.

■ This appeal is decided by Board of County Commissioners of Creek County v.

Casteel, Okl., 522 P.2d 608 (1974). The Oklahoma Constitution, Art. 2, § 24 gives the landowner a constitutional right to be heard on the necessity of taking; but that right can only be preserved through the reasonable statutory requirement of an objection to the commissioners' report. The owners stipulated they did not comply. A dissenting opinion in *Board of County Com'rs. of Creek County, supra,* is bottomed on a prior request in the condemnation proceedings of the owner for the granting of a hearing on the necessity of taking. No request for a hearing or any objection to the taking is present in this appeal.

■ An attack on the 1957 eminent domain taking is not now available to the owners. The owners made no objection through the required and reasonable statutory procedure as to either the necessity for the taking of the full fee simple title or the amount of the award of compensation. The owners waived their constitutional right to a hearing on the necessity of the taking. They cannot now complain and claim that right in the present case.

On appeal owners argue (1) the invalidity of the court decree confirming the taking in the condemnation proceeding with the court having lost jurisdiction with the city's withdrawal of its request for jury trial; (2) no judicial determination of the character of the use as required by Oklahoma Constitution, Art. 2, § 24; (3) taking was limited so as not to include the mineral right and a full fee simple title; and (4) denial of a jury trial. These arguments have either been answered in this opinion or under the opinion are not now essential to the determination of this appeal.

Affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., concurs by reason of stare decisis.