**P & H OIL FIELD SERVICE, INC., Appellee,**

v.

**SPECTRA ENERGY CORP., Appellant.**

**No. 78140.**

Supreme Court of Oklahoma.

Dec. 16, 1991.

As Corrected Dec. 18, 1991.

### ORDER

Appellant filed its petition in error on August 21, 1991, within thirty days after the *pronouncement*, on July 23, 1991, of an appealable order (overruling a motion for new trial) but prior to the time that the order overruling the motion for new trial was *filed*. Appellant subsequently filed an amended petition in error, on October 31, 1991, attaching to the amended petition a file-stamped copy of the order overruling appellant's motion for new trial. The order overruling appellant's motion for new trial was filed on August 27, 1991. Thus, the amended petition in error was filed here more than thirty days after the filing of the final order in the district court.

In its response to the petition in error, appellee claimed that the appeal should be dismissed because appellant's motion for new trial raised only the issue of the amount of damages awarded by the trial court, while the petition in error raised only the issues of whether the evidence at trial was sufficient to find the defendant liable to the plaintiff. Appellee claimed, pursuant to 12 O.S. § 991(b), that appellant's petition in error raised no issues for appellate review.

■ This appeal presents a fatal jurisdictional flaw which was not raised by the appellee. This appeal, which was commenced prior to the filing of the appealable order is premature and should be dismissed. 12 O.S.1991 § 990A which became effective June 1, 1991, provides that "[a] an appeal to the Supreme Court may be commenced by filing a petition in error with the Clerk of the Supreme Court within thirty (30) days from the date the final order or judgment is *filed....*" (Emphasis added.)

■ This appeal *will not be dismissed.* Our holding shall operate *prospectively* from the date this order becomes effective. This course is taken to avoid unfairness and unnecessary hardship to litigants who may be unaware of the change in appellate procedure effected by the enactment of 12 O.S.1991 § 990A. *Poafpybitty v. Skelly Oil Company*, 394 P.2d 515, 520 (Okl.1964). When prospective application is given by this court to its decisions on novel points of statutory appellate procedure on which there is no extant case law exposition, obscure legislative enactments are kept from becoming a veritable trap for the unwary. *Isbell v. State of Oklahoma ex rel., the Retirement and Pension Board of the Department of Public Safety*, 603 P.2d 758, 760 (Okl.1979).

After the effective date of this order, premature petitions in error, filed here after the pronouncement but before the filing of a judgment or final order, will be dismissed unless, within thirty days of the filing of a judgment or final order, an amended petition in error is filed in this court.

■ Although appellee's motion to dismiss is denied, the scope of this appeal is limited to the issue whether the damages awarded by the trial court were excessive and not substantiated by the evidence, because that is the only issue raised by appellant in its motion for new trial. While a party need not file a motion for new trial, if a motion for new trial is filed and denied, the appellant may not, on appeal, raise allegations of error that were available at the time of the filing of the motion for a new trial but were not asserted therein. 12

O.S.1981 § 991, *Reeves v. Agee*, 769 P.2d 745 (Okl.1989).

■ Appellant timely amended its petition in error to include, as issues on appeal, the issues that were raised in its motion for new trial. Appellant's amended petition in error of October 31, 1991 was not timely filed for an effective challenge to the district court's August 27, 1991 order, granting attorney fees and costs to the appellee. That order was not a part of its earlier July 23rd pronouncement overruling the motion for new trial. Rule 1.17(a) of the Rules of Appellate Procedure in Civil Cases, 12 O.S. 1990 Supp., Ch. 15, App. 2, *clearly provides* that "an amendment to a petition in error to challenge an order, after judgment, and granting or denying costs, interest, or attorney's fees, must be filed with this Court within thirty (30) days of the trial court order...."

This appeal shall proceed in its ordinary course, and the manner contemplated by the Rules of Appellate Procedure in Civil Cases, 12 O.S.1990 Supp., Ch. 15, App. 2.

OPALA, C.J., and LAVENDER, SIMMS, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES, V.C.J., DOOLIN and HARGRAVE, JJ., dissent.