Roger R. McMILLIAN and Katy R. McMillian, husband and wife; Mark K. Vestal and Linda K. Vestal, husband and wife; Brian H. Wakley and Monica L. Wakley, husband and wife, Appellees,

v.

Derward HOLCOMB and Glenda Holcomb, husband and wife; Appellants,

and

John F. Cantrell, Tulsa County Treasurer; Board of Commissioners of Tulsa County, Defendants.

No. 82999.

Supreme Court of Oklahoma.

Oct. 31, 1995.

Charles O. Hanson, Hanson, Holmes, Field & Snider, Tulsa, for Appellants.

Roger R. McMillian, Katy R. McMillian, Mark K. Vestal, Linda K. Vestal, Brian H. Wakley, Monica L. Wakley, Pro se.

SUMMERS, Justice.

Plaintiff landowners, claiming to be land-locked and in need of water service, sued Defendant landowners to condemn an easement of necessity. The trial court ruled for Plaintiffs. A "Motion to Reconsider" was denied, and Defendants appeal. Plaintiffs/appellees move to dismiss the appeal on several grounds, causing the briefing schedule to be suspended. We defer one dismissal issue to merits consideration, deny the others, and allow the appeal to proceed.

This case affords an opportunity to once again construe some of the statutory reforms in appellate procedure that took effect October 1, 1993. The chronology of events is this:

December 1, 1993—Trial court caused Order to be filed finding no proper objection to Commissioners' Report and rendering judgment for plaintiffs. Plaintiffs' attorney was directed to prepare journal entry.

Monday, December 13, 1993—Defendants filed a "Motion to Reconsider".

December 16, 1993—Journal Entry of Judgment filed.

January 5, 1994—Trial court overruled Defendants' motion by order sheet entry.

February 4, 1994—Defendant filed petition in error.

March 1, 1994—Order overruling Defendants' motion filed.

March 7, 1994—Defendant filed amended petition in error.

## I. APPEALABILITY OF THE DECEMBER 1, 1993 ORDER OF THE TRIAL COURT.

After the case was filed a Commissioners' Report was returned. Defendants filed a responsive instrument, but the trial court on December 1, 1993 signed and caused to be filed an Order holding that no proper objection to the Commissioner's Report had been filed, and granted judgment to the plaintiffs. We have held that an order adjudicating a right to condemn is appealable pursuant to

12 O.S.1991 § 952(b)(1) as a final order.[1] The first question, then, is whether the December 1 Order commenced the appellate clock.[2]

Effective October 1, 1993 a judgment, decree or appealable order must be in a certain form for the purpose of commencing the time to appeal. *Mansell v. City of Lawton,* 877 P.2d 1120 (Okla.1994); 12 O.S.Supp.1993 § 696.3. Orders expressed in certain forms were determined by the legislature to not start the appellate clock. Section 696.2 of Title 12 states in part:

> The following shall not constitute a judgment, decree or appealable order: A minute entry; verdict; informal statement of the proceedings and relief awarded, including, but not limited to, a letter to a party or parties indicating the ruling *or instructions for preparing the judgment, decree or appealable order.*

12 O.S.Supp.1993 § 696.2(C), (emphasis added).

This statute tells us that orders with "instructions for preparing the judgment, decree or appealable order" fall within the category of orders not constituting a judgment for the purpose of commencing time to appeal. The order of December 1, 1993 specifically stated that Plaintiffs' attorney was to "prepare Journal Entry" of the court's order.

Section 696.2 states that the trial court "may direct counsel for any party to the action to prepare a draft for the signature of the court, ...." 12 O.S.Supp.1993 § 696.2(A). An editorial commentary to this section states that "It is anticipated the past practice of assigning the preparation of the journal entry to the attorney for the prevailing party will continue to be followed." 12

O.S.A. § 696.2 (West 1994), (Oklahoma Comments). However, it was anticipated that the term "journal entry" would be replaced with "judgment" in a direction to prepare the judgment for signature. *Id.*

We conclude that the combined effect of § 696.2(A) & (C) is that an order directing the prevailing party to prepare a journal entry or judgment of the court's decision makes that order containing the direction a non-appealable event. The appellate clock starts when the subsequent judgment (or journal entry) is filed with the clerk of the trial court, or mailed to the parties if the matter was taken under advisement. 12 O.S.Supp.1993 § 990A(A). The answer to our first question, then, is that the December 1 Order did not commence appeal time. The December 16 Journal Entry did.

## II. EFFECT OF THE "MOTION TO RECONSIDER."

On December 13, 1993 Defendants filed a "Motion to Reconsider And to Vacate" the December 1st order.[3] A timely filed motion for new trial extends the time to appeal; an untimely one does not. 12 O.S.Supp.1993 §§ 653, 990.2(B); *Brown v. Green Country Softball Association,* 884 P.2d 851 (Okla.1994). December 13, 1993 fell on a Monday, so it was within the 10 days allowed for filing of motions for new trial in 12 O.S. 1991 § 653. *But* the, version of § 653 in effect at the time (it had taken effect only October 1, 1993) required that the motion "be filed within ten (10) days after the judgment, decree or *appealable order prepared in conformance with Section 10 [§ 696.3]* of this act has been filed...." (emphasis added).[4]

---

**1.** *Jerry Scott Drilling Co., Inc. v. Scott,* 781 P.2d 826, 828 n. 3 (Okla.1989); *Oklahoma Gas & Electric Company v. Chez,* 527 P.2d 165, 167 (Okla.1974); *Watchorn Basin Assn. v. Oklahoma Gas & Electric Co.,* 525 P.2d 1357, 1359 (Okla. 1974); *Delhi Gas Pipeline Corp. v. Swanson,* 520 P.2d 670, 671 (Okla.1974); *Town of Ames v. Wybrant,* 203 Okla. 307, 220 P.2d 693 (1950); *Wrightsman v. Southwestern Natural Gas Co.,* 173 Okla. 75, 46 P.2d 925, 932 (1935).

**2.** See 12 O.S.1991 § 990A(A).

**3.** A "motion to reconsider" does not exist in the nomenclature of Oklahoma's statutory pleading

scheme. A "motion to reconsider" may be judicially considered as a 12 O.S. § 651 motion for new trial or a term-time motion to vacate pursuant to 12 O.S. § 1031.1. *Schepp v. Hess,* 770 P.2d 34, 36 (Okla.1989); *Pierson v. Canupp,* 754 P.2d 548 (Okla.1988); *Huff v. Huff,* 687 P.2d 130 (Okla.1984). At one time the former could extend the time to prosecute an appeal while the latter did not. *Schepp* at 36 n. 2.

**4.** Note that the words *"within* 10 days after" in § 653A. were replaced in 1994 with the words *"not later than* 10 days after." (Emphasis added).

And we have concluded that the Order of December 1 was not appealable due to inclusion of the instructions to prepare Journal Entry.

■ The Journal Entry was not filed until December 16th, so what we have (treating Defendants' December 13th motion the same as we treat one for a new trial) is a premature motion for new trial.[5] We recently explained the effect of premature motions for new trial and the recent legislative change to address the problem. *Brown v. Green Country Softball Association, supra.* We explained that a premature motion had the same effect as one filed too late. In *Brown* we noted the recent amendment in 12 O.S.Supp.1994 § 653 that made a premature motion for new trial filed after the pronouncement of the judgment a timely filed motion.

In *Brown* we also noted that § 653 prior to October 1, 1993 required a motion for new trial to be made within 10 days of when the decision was *pronounced,* not filed. That motion, just as this one, would have been timely to toll the appellate clock prior to the statutory changes of October 1, 1993. We therefore made our holding prospective from the date of the mandate. Mandate was issued in *Brown* on December 8, 1994, approximately one year after this motion was filed in the trial court. We conclude that, as in *Brown,* this premature motion would have been ineffective to extend appeal time, but because *Brown* is applied prospectively Defendants' motion of December 13th extended their time to appeal. See *P & H Oil Field Service, Inc. v. Spectra Energy Corp.,* 823 P.2d 365 (Okla.1991),

### III. THE APPEALABLE EVENT.

The final question on timeliness, then, is to determine the date on which the trial court overruled Defendants' "Motion to Reconsid-

er" in such form as to commence the appellate clock. On January 5, 1994 she overruled Defendants' motion and caused to be filed what we have referred to as a Tulsa County Order Sheet. *Aven v. Reeh,* 878 P.2d 1069 (Okla.1994); *Marshall v. OK Rental & Leasing, Inc.,* 879 P.2d 132 (Okla.1994). We have held that these are but minute entries and are not appealable under § 696.2. Thus the filing of the January 5th order sheet was not an appealable event. *Aven,* 878 P.2d at 1070; *Marshall,* 879 P.2d at 134.

■ The trial court ultimately memorialized the decision of January 5, 1994 by an order signed on February 28, 1994 and filed on March 1, 1994. That order of March 1, 1994 meets the requirements for the form of an appealable order listed in 12 O.S.Supp. 1993 § 696.3, and is the appealable event.

Although the first petition in error filed February 4, 1994 was premature, a supplemental petition in error may be filed to cure a premature petition in error when the appeal has not yet been dismissed as premature. 12 O.S.Sup.1993 § 990A(F). *Matter of Estate of Robinson,* 885 P.2d 1334, 1336 (Okla.1994). This appeal was thus timely commenced by the amended petition in error filed March 7, 1994.

### IV. ACCEPTANCE OF THE AWARD.

Plaintiffs also assert that the appeal should be dismissed because Defendants' cashed the Court Clerk's check representing the amount of the commissioners' award granted by the order of the trial court. The order of December 16, 1993 is titled "Order Confirming Report of Commissioners, Vesting Title And For Disbursement of Funds." An examination of that order shows a finding that the Defendants are entitled to the funds awarded by the commissioners. Defendant landowners counter with an argument that: (1) The

---

5. The parties treated the motion as one filed pursuant to 12 O.S.Supp.1993 § 1031.1. Like a motion for new trial the date for filing a § 1031.1 motion commences on the date the appealable order is filed unless the matter is taken under advisement. 12 O.S.Supp.1993 §§ 653, 1031.1. Because of our holding making this motion timely it does not matter, for the purpose of calculating time to commence an appeal, whether this

motion is labeled as one for new trial or one pursuant to § 1031.1. The motion is a post-trial motion filed within 10 days of the date of the filing of the order, and would thus toll the appellate clock. 12 O.S.Supp.1993 § 990.2(A). This result is consistent with the recent statutory change for premature § 1031.1 motions. 12 O.S.Supp.1994 § 1031.1.

Court Clerk refused to hold the funds after the motion to reconsider was adjudicated; (2) The Court Clerk mailed the check to counsel for Defendants; (3) The check was cashed by their counsel and the proceeds placed into counsel's client trust account; (4) Defendants have obtained no benefit from the funds; (5) Defendants have no objection to paying the funds into any court fund directed by the Supreme Court.

■ A condemnee cannot challenge the necessity of the taking after acceptance of the award when the condemnee does not appeal.[6] But this limitation on bringing subsequent proceedings does not bar ongoing proceedings after payment of the award. In *Dyco Petroleum Corp. v. Smith*, 771 P.2d 1006 (Okla.1989) we stated:

> The clearly established policy in Oklahoma in relation to condemnation actions is to allow the condemnee to be compensated for the taking of his interest as soon as possible after that taking has occurred. To that end the Legislature, at 66 O.S.1981 § 54, has provided that the condemnee is immediately entitled to the receipt of the compensation awarded without prejudice to the right of either party to prosecute further proceedings regarding the award.

*Id.*, 771 P.2d at 1009.

Thus after the award has been made the proceeding may be further prosecuted and defended **regarding the award.** The further proceedings not prohibited are those concerning "the sufficiency or insufficiency of said compensation." 66 O.S.1991 § 54. The appeal today challenges the necessity of the taking and raises notice issues. But this appeal does not challenge the sufficiency of the award. *Dyco* does not support a land-

owner appealing an order adjudicating the necessity of the taking while accepting the award.

A Maryland court has explained that most courts regard as inconsistent an appeal on the necessity of the taking when the landowner has accepted payment. *Vallario v. State Roads Commission*, 290 Md. 2, 426 A.2d 1384, 1385 (1981).[7] That court explained that this was an application of "the general rule that 'an appellant cannot take the inconsistent position of accepting the benefits of a judgment and then challenge its validity on appeal.'" *Id.* We have recognized this general rule. *Associated Classroom Teachers of Okla. City, Inc. v. Board of Education of Ind. School Dist., etc.*, 576 P.2d 1157 (Okla.1978). However, this order appealed is unlike an ordinary money judgment, in that it grants benefits to both sides to the dispute; the Plaintiff condemnors may take possession of the land condemned and the Defendant landowners are entitled to payment.

■ Plaintiffs argue that the landowners have accepted the benefits of the judgment and cannot challenge the necessity of the taking. Defendants argue that they made no application to the court for disbursing the funds. They state that "After the final order, the District Court Clerk would no longer hold the funds and sent the check to Appellants." They state that the check was cashed with the funds placed in counsel's trust account until resolution of the appeal, that they are receiving no benefit from the funds, and that the funds are available for deposit with either this Court or the District Court.

We decline to penalize Defendants for depositing the Court Clerk's check when they

---

**6.** *Oklahoma City v. Cooper*, 420 P.2d 508, 512 (Okla.1966), *cert. denied*, 385 U.S. 898, 87 S.Ct. 203, 17 L.Ed.2d 131 (1966), (1960 proceeding could not be used to vacate 1941 proceeding when condemnee accepted award); *Delhi Gas Pipeline Corp. v. Swanson*, 520 P.2d 670, 671 (Okla.1974), (landowners waiving objections to the necessity of the taking could not raise issue in subsequent trespass action); *Talkington v. City of Chickasha*, 537 P.2d 419, 421 (Okla.1975), (1957 condemnation proceeding could not be attacked in proceeding brought in 1971 to challenge the necessity of the taking); *Allen v. Transok Pipe Line Company*, 552 P.2d 375, 382 (Okla.

1976), (landowner was estopped from bringing subsequent trespass suit).

**7.** In *Vallario* the court determined *as a matter of statutory construction* when a landowner has lost possession of property he or she may withdraw the funds paid into the court notwithstanding an appeal challenging the necessity of the taking. The Maryland statute provided that the landowner was entitled to receive any amount paid into the court for his benefit upon his promise to repay any amount in excess of that finally awarded. 426 A.2d at 1386.

did not make an application for payment, nor did the Plaintiffs move that the funds stay with the Court Clerk. See *Grand River Dam Authority v. Eaton,* 803 P.2d 705, 706–707 (Okla.1990) where we discussed satisfaction of a judgment that was not for the purpose of settling and compromising the matter. However, we also recognize that the appellate doctrine of barring an appeal because of accepting the benefits of a judgment is a type of estoppel born in equity. *Associated Classroom Teachers of Okla. City, Inc. v. Board of Education of Ind. School Dist., etc.,* 576 P.2d at 1161–1162. *See Turner v. Kirkwood,* 168 Okla. 80, 31 P.2d 935, 943 (1934). Thus, if Plaintiff condemnors do not seek to enforce a right of possession to the condemned land during appeal they may make an application to the District Court to require the Defendant landowners to pay to the District Court Clerk the amount disbursed, for the Clerk to hold during the appeal.

## V. OTHER DISMISSAL CLAIMS.

■ Plaintiffs request dismissal of the appeal because Defendants have not filed their brief. The failure to file a brief is not a ground for requesting a dismissal when a motion to dismiss has been filed in the appeal. The Rule states:

> When a motion to dismiss appeal is filed, the time prescribed for briefing shall remain suspended and shall not recommence to run until disposition of the motion is effected by this court.

Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2, Rule 1.28(c).

We dispose of the motions to dismiss by our ruling today, and this opinion recommences the time to brief the appeal.

Plaintiffs also request dismissal arguing that Defendants did not file a proper objection to the Report of Commissioners, and that the trial court determined that Defendants did not properly preserve this issue. The trial court determined that the filing by

Defendants was something other than an objection to the Commissioners' Report, and did not preserve an objection to the Report. The correctness of this determination is the major issue in the appeal. The parties have not yet filed their briefs in this Court on the subject.

■ Plaintiffs cite *Board of County Commissioners of Creek County v. Casteel,* 522 P.2d 608 (1974), and argue that a timely filed objection to a Commissioners' Report is a jurisdictional predicate for an appeal from an order stating that no objection was filed. That statement is incorrect. The judicial power possessed by a District Court includes jurisdiction to decide what is properly before it for adjudication, and an appeal will lie from the determination in the manner provided by law for condemnation appeals.[8] Whether the instrument filed by Defendants should or should not be construed as an objection to the Report of Commissioners is a question presently within the appellate cognizance of the Court. We decline to answer that question on a motion to dismiss the appeal, and it remains for determination in the regular course of the appeal.

The other motions to dismiss are denied and the appeal shall proceed.

KAUGER, V.C.J., and HODGES, LAVENDER and WATT, JJ., concur.

OPALA, J., concurs in result.

SIMMS and HARGRAVE, JJ., dissent.

ALMA WILSON, C.J., not participating.

OPALA, Justice, concurring in result.

In reaching today's conclusion that Derward Holcomb and Glenda Holcomb's [Holcombs or condemnees] appeal was *timely* brought, the court holds that the earlier of two memorials granting the landowners [con-

8. *See Nilsen v. Ports of Call Oil Co.,* 711 P.2d 98, 101 (Okla.1985), (District Court has power to adjudicate whether claim is properly before it); *MacThwaite Oil & Gas Co. v. Bolen,* 77 Okla.

155, 187 P. 221, 222 (1919), (judicial error, even in jurisdictional matters, is reviewable by appeal); *Town of Ames v. Wybrant,* 203 Okla. 307,

demnors][1] the relief they sought—*i.e.*, the December 1, 1993 order[2]—is *not an appealable order* because it directs the prevailing parties' counsel "to prepare [a] Journal Entry". The court concludes (a) that this result is mandated by the provisions of 12 O.S.Supp.1993 § 696.2(C)[3] and (b) that the *recordable*[4] nisi prius order of January 5, 1994—denying the Holcombs' *timely-filed*[5] motion to reconsider (and vacate)—is to be relegated to the status of a *minute.* I cannot accede to the court's analysis and characterization of the critical memorials. Because the content of both the December 1 and January 5 orders satisfies the 12 O.S.Supp. 1993 § 696.3[6] and 12 O.S.1991 § 24[7] criteria for filing and entry on the court's journal

record,[8] they are both to be treated as appealable, though not *independently.* The *latter* represents the appeal time trigger in this cause.

## I

## THE ANATOMY OF LITIGATION

The landowners (plaintiffs in the condemnation suit) were awarded the relief they sought by a nisi prius *order entered on December 1, 1993.*[9] A *second memorial* of this *judgment*—prepared by the landowners' counsel—*was filed on December 16, 1993.*

On December 13, 1993 the Holcombs (condemnees) moved for reconsideration (and vacation) of the landowners' judgment. The

---

220 P.2d 693 (1950), (order determining claim on necessity of taking is appealable).

1. The landowners who instituted the condemnation proceedings are Roger R. McMillian and Katy R. McMillian, Mark K. Vestal and Linda K. Vestal, and Brian H. Wakley and Monica L. Wakley.

2. *See* exhibit "A" for the complete content of the trial court's December 1, 1993 order.

3. The pertinent terms of 12 O.S.Supp.1993 § 696.2(C) provide:
   "... The following shall not constitute a judgment, decree or appealable order: A *minute entry;* verdict; *informal statement* of the proceedings and relief awarded, *including,* but not limited to, *a letter to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order."* [Emphasis mine.]

4. *"Recordable"* means that by force of 12 O.S. 1991 § 24 an instrument meeting that section's criteria must be *entered* on or *"recorded"* in the court's journal. [For the pertinent terms of § 24, see *infra* note 7.] The clerk may "enter" only that which is *"on file".* The § 24 concept of *"on file" is distinguishable from the 12 O.S.Supp. 1993 § 696.3 concept of "filing".* [For the pertinent terms of § 696.3, see *infra* note 6.] *"On file"* means that the paper is kept [according to the mandate of 12 O.S.1991 § 29] within a folder or jacket in the clerk's office. *"Filing"* of the instrument signifies its *delivery to the clerk* for entry or preservation. *See Rodgers v. Higgins,* Okl., 871 P.2d 398, 408–409 (1993).

5. The pertinent terms of 12 O.S.Supp.1993 § 990.2 provide:
   "A. Post–Trial Motions Filed Within Ten (10) Days. Where a post-trial motion ... to ... vacate or reconsider a judgment, decree or final order ... is filed within ten (10) days after the judgment, decree or final order is

filed with the court clerk, an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk...."

6. The pertinent terms of 12 O.S.Supp.1993 § 696.3, effective October 1, 1993, are:
   "A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
   1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
   2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
   3. The signature and title of the court; ...."

7. The pertinent terms of 12 O.S.1991 § 24 are:
   "Upon the journal record ... shall be entered copies of the following instruments *on file:*
   \* \* \* \* \* \*
   2. All instruments filed in the case that *bear the signature of the judge* and *specify clearly the relief granted or order made."* [Emphasis mine.]

8. The entry of orders in the journal record is vital to the functioning of our appellate process because neither the appearance docket sheets nor minute entries in a case may be accepted by a reviewing court as a proper substitute for the judge's memorialized entry of judgment, orders, or of any proceedings occurring at nisi prius. *See Elliott v. City of Guthrie,* Okl., 725 P.2d 861, 863 (1986); *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 723 (1986).

9. In a condemnation proceeding a nisi prius decision adjudicating the question of the right to condemn is a final appealable order. *Watchorn Basin Assn. v. Oklahoma Gas & Elec. Co.,* Okl., 525 P.2d 1357, 1359 (1974).

Holcombs' motion was denied by an order filed on January 5, 1994. A *second* memorial of the motion's denial was *filed on March 1, 1994.*

The Holcombs' *petition in error* came here on February 4, 1994—within thirty days of the January 5 order. Their *amended petition* was brought on March 7, 1994—within thirty days of the March 1 order which was the *second* memorial of their motion's (to reconsider and vacate) denial. Today's pronouncement holds that (a) the second (March 1) memorial was the appeal time trigger and (b) the *amended* petition in error was *timely* to commence the Holcombs' appeal.

I concur *only* in today's denial of the appeal's dismissal. I would declare it timely for a different reason.

## II

## THE SUBSTANTIVE CONTENT OF A MEMORIAL DETERMINES WHETHER IT QUALIFIES AS AN ORDER THAT TRIGGERS APPEAL TIME

The meaning and effect of an instrument depends on its *substantive content.*[10] While

both judgments and minutes[11] are *posted* on the appearance docket,[12] each has a distinct legal identity[13] and is *facially distinguishable from the other by its content and substance.* A *"minute"* of a judge's courtroom ruling *internalizes* the event or proceeding by a short abstract to be posted *solely* on the court's *appearance docket.* It is not the event's *official proof.* For *external* use the law's authoritative proof is provided by the *"recordable"*[14] *memorial* that is *on file* in the case and *entered* on the journal.

### A

### THE DECEMBER 1 ORDER

The substance of the court's December 1, 1993 order gives the landowners the relief which they sought and is signed by the judge.[15] It clearly possesses the § 24 attributes of a recordable memorial.

It is the act of *filing* an instrument that *substantially* complies with the § 696.3 criteria[16] which triggers appeal time under that

---

**10.** *Carter v. Carter,* Okl., 783 P.2d 969, 970 (1989); *Horizons, Inc. v. Keo Leasing Co.,* Okl., 681 P.2d 757, 759 (1984); *Amarex, Inc. v. Baker,* Okl., 655 P.2d 1040, 1043 (1983); *Knell v. Burnes,* Okl., 645 P.2d 471, 473 (1982); *Prock v. District Court of Pittsburg County,* Okl., 630 P.2d 772, 775 (1981); *Harry v. Hertzler,* 185 Okl. 151, 90 P.2d 656, 659 (1939); *Ginn v. Knight,* 106 Okl. 4, 232 P. 936, 937 (1925).

**11.** Minutes are nothing more than abbreviated memoranda of what takes place in court. *Hinshaw v. State,* 47 N.E. 157, 171 (Ind.1897); *State v. Larkin,* 11 Nev. 314, 321 (1876); *Gregory v. Frothingham,* 1 Nev. 253, 260 (1865). Ordinarily the deputy clerk, present in the courtroom, is the scrivener of the minutes although the judge also is authorized to draft minutes. *See* 12 O.S. 1991 § 23, *infra* note 12.

**12.** *The documents required to be posted on the appearance docket* are identified in 12 O.S.1991 § 23. Its pertinent terms are:
"On the appearance docket he [the clerk of the district court] shall enter all actions in the order in which they are brought, the date of the summons, the time of the return thereof by the officer, and his return thereon, the time of filing the petition, and all subsequent pleadings and papers, and *an abstract of all judgments and orders of the court.* An abstract shall contain a very brief description of the order or

judgment rendered. It must not be encumbered with a detailed recital of the terms. Proceedings other than those which culminated in an order or judgment shall not be abstracted into the appearance docket. Either the judge or the clerk may prepare an appearance docket entry in the form of a minute, or the content of the entry may be dictated either by the judge or clerk into an electronic recording device. The clerk shall transcribe onto the appearance docket all minute entries made and all the electronically-recorded abstracts." [Emphasis added.]

**13.** *Rodgers, supra* note 4 at 407–408; *Hulsey v. Mid–America Preferred Ins. Co.,* Okl., 777 P.2d 932, 935 (1989); *Miller v. Miller,* Okl., 664 P.2d 1032, 1034 (1983); *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332, 1335 n. 8 (1981); *State v. Froese,* 200 Okl. 486, 197 P.2d 296, 298 (1948).

**14.** For the meaning of *"recordable,"* see *supra* note 4.

**15.** For the § 24 criteria governing entry on the journal record, see *supra* note 7.

**16.** For the § 696.3 filing requirements, see *supra* note 6.

section's most recent (1993) version.[17] The December 1 memorial *facially includes* the name of the court, the parties' designation, the case's file number, a title ["Order"], the relief granted and the judge's signature.[18] *It fully satisfies each of the § 696.3 requirements.*

## B

## THE JANUARY 5 ORDER

On Monday, December 13, 1993 the Holcombs moved to reconsider (and vacate) the landowners' award. Because their motion is deemed timely (filed within the time allowed by law which was legally extended through the weekend), appeal time stood suspended until the motion's disposition.[19] On January 5, 1994 the trial court denied the Holcombs' motion to reconsider.

Once the January 5 order was posted on the appearance docket and placed *on file*, it became the court clerk's task to decide if it was *recordable*[20]—*i.e.*, fit for entry on the journal.[21] Its text includes the document's title ["Order"], the case's file number, the relief granted, the trial judge's signature and

*substantially* designates the parties to the action. Since the January 5 order stands as *external proof* of the nisi prius disposition of the condemnees' motion to reconsider (and vacate) and it *substantially* meets the statutory *filing* criteria—those of both § 696.3 and § 24—it triggers appeal time.

## III

## APPEAL TIME'S TRIGGER IS A LAW–DRIVE MECHANISM WHICH IS BEYOND THE REACH OF HUMAN TINKERING

Effective October 1, 1993 the filing of a *recordable memorial* meeting the § 696.3 criteria—in this case the January 5 order—begins the 12 O.S.Supp.1993 § 990A[22] *thirty-day countdown for commencing an appeal.*

Appeal time's trigger is a law-driven mechanism which is beyond the reach of human tinkering.[23] This court stands firmly committed to the view that, once an appealable event has occurred, a trial judge *is utterly without authority to extend the statutory period* by any means or in any manner, direct or oblique.[24] In flagrant disregard of

---

**17.** *See* 12 O.S.Supp.1993 § 696.2(C). Its pertinent terms state:

"The *filing with the court clerk* of a written judgment, decree or appealable order, prepared in conformance with Section 10 of this act [12 O.S.Supp.1993 § 696.3] and signed by the court, shall be a jurisdictional prerequisite to the commencement of an appeal...." [Emphasis mine.]

**18.** *See* exhibit "A" for the form and substance of the December 1 nisi prius order.

**19.** For the effect on appeal time of timely filed post judgment motions, see the pertinent terms of 12 O.S.Supp.1993 § 990.2, *supra* note 5.

**20.** *See supra* note 4 for the definition of "recordable".

**21.** A *minute of a pronounced judgment* is distinguishable from its *record entry*. The latter is not effected by a clerk's notation on the appearance docket. Rather, it is accomplished by a written memorial which is *filed in the case* and *entered* on the court's journal. *McCullough, supra* note 13 at 1335; *Froese, supra* note 13, 197 P.2d at

298. A *minute entry* lacks the effect of a judgment or order since it is not *signed by the judge*. *Entries* always control over minutes. When discordant with the former, the latter need not be vacated to clarify the court's record. *Martin. v. Lib. Nat. Bank & Trust*, Okl., 839 P.2d 179, 180 (1992); *Elliott, supra* note 8 at 863.

**22.** The pertinent terms of 12 O.S.Supp.1993 § 990A are:

"A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court...."

\*   \*   \*   \*   \*   \*

**23.** *Manning v. State ex rel. Dept. of Public Safety*, Okl., 876 P.2d 667, 671 (1994).

**24.** *See Herring v. Wiggins*, 7 Okl. 312, 54 P. 483 (the court's syllabus ¶ 1) (1898); *Bellamy v. Washita Valley Telephone Co.*, 25 Okl. 792, 108 P. 389 (the court's syllabus ¶ 2) (1910); *Philbrock v. Home Drilling Co.*, 117 Okl. 266, 246 P. 457 (the

this *sine qua non* principle, today's holding gives the court's imprimatur to a nisi prius delegation to a *private party* [the prevailing party's counsel] of *the power to extend appeal time* and, worse yet, to determine ultimately *when appeal time shall begin to run*. Denying the legal efficacy to the trial court's *filed* December 1 order—*in favor of a second memorial of the identical ruling—impermissibly* invests the winning lawyer (who was directed to prepare the later memorial) with the power to set (a) the time an "appealable" order or judgment is to be filed and hence (b) the temporal point when the appeal clock is to be triggered for the case under the terms of § 990A.[25]

## IV

### THE LEGISLATIVE POWER TO PRESCRIBE WHEN APPELLATE JURISDICTION MUST BE INVOKED *CANNOT BE DELEGATED* TO PRIVATE PARTIES

Because appellate jurisdiction must be invoked in the manner provided by law,[26] the norms that govern computation of the appeal clock are a product of *governmental power's* exercise. Our extant jurisprudence invalidates *all standardless* delegation of governmental power.[27] The condemnation has its genesis in a rule with a constitutional dimension. It is known under the Latin maxim of *delegata potestas non potest delegari*[28]—an extratextual gauge for measuring the conformity of official action to the constitution's command *against unlawful delegation of governmental power*.

When a statute—in this case 12 O.S.Supp. 1993 § 696.3[29]—is susceptible of more than one meaning, the court's duty is to give it that construction which would make its application free of infirmity and impervious to constitutional attack.[30] Today's pronouncement *relegates to utter inefficacy* an order which fully meets the statutory *filing* criteria. This is done *merely because* of the trial judge's *ipse dixit direction*, contained in the order, that the prevailing party's counsel prepare a *second* (duplicative) memorial of the same ruling. The act of empowering a party's counsel to perform nothing more than an act of supererogation and in so doing *to extend appeal time*,[31] operates to condemn today's construction of § 696.3 construction as *unconstitutional*. The judge's sanctioned "direction" (to prepare another memorial) usurps the legislative power to establish—to the exclusion of nisi prius judges—the appeal

court's syllabus ¶ 2) (1926); *Sowers v. Archer*, 161 Okl. 148, 17 P.2d 422, 423 (1932); *Starr v. Woods*, 162 Okl. 242, 19 P.2d 561, 562 (1933); *Watchorn v. General Finance & Sales Co.*, 162 Okl. 203, 19 P.2d 566 (the court's syllabus ¶ 2) (1933); *Manos v. Leche*, 205 Okl. 213, 236 P.2d 693, 695 (1951); *Salyer v. National Trailer Convoy, Inc.*, Okl., 727 P.2d 1361, 1362 n. 2 (1986); *Grant Square Bank & Trust Co. v. Werner*, Okl., 782 P.2d 109, 111 n. 4 (1989).

**25.** For the pertinent terms of § 990A, see *supra* note 22.

**26.** Okl. Const., art. VII § 4, provides in pertinent part:
"* * * The appellate and the original jurisdiction of the Supreme Court and all other appellate courts *shall be invoked in the manner provided by law*." [Emphasis mine.]

**27.** *Oklahoma City v. State ex rel. Dept. of Labor*, Okl., —— P.2d —— (1995) (No. 85,888, October 14, 1995, 66 OBJ 3184, 3187); *Democratic Party of Oklahoma v. Estep*, Okl., 652 P.2d 271, 277 n.

23 (1982); *American Home Products Corporation v. Homsey*, Okl., 361 P.2d 297, 301 (1961); *Herrin v. Arnold*, 183 Okl. 392, 82 P.2d 977, 982 (1938).

**28.** This maxim means that "delegated authority cannot be re-delegated". *See Warner v. Martin*, 11 How. 209, 223, 13 L.Ed. 667 (U.S. 1850).

**29.** For the pertinent terms of § 696.3, see *supra* note 6.

**30.** *Earl v. Tulsa County Dist. Court*, Okl., 606 P.2d 545, 548 (1980); *Wilson v. Foster*, Okl., 595 P.2d 1329, 1333 (1979); *Neumann v. Tax Commission*, Okl., 596 P.2d 530, 532 (1979).

**31.** A judgment issues from the court and not from the attorneys or the court clerk. A trial judge has the duty to draft, sign and record a judgment with a reasonable time after its rendition or pronouncement. *Manning, supra* note 23 at 671.

time commencement date as a law-driven mechanism. In short, today's opinion endorses *unlawful delegation of governmental power to a private party sans* warrant, standards or reason.

On the other hand, were we to hold, as I counsel today, that the *first* memorial of the court's ruling is in full compliance with the terms of § 696.3,[32] that critical section's constitutional efficacy would stand preserved and become invulnerable to attack.

## V

### SUMMARY

The court holds that the later of two nisi prius memorials disposing of the Holcombs' motion to reconsider (and vacate)—*i.e., that which sets forth the very same terms* as the former—triggers this cause's appeal time. Today's pronouncement endorses an extrastatutory *double-entry bookkeeping scheme* for use by the district courts, which in turn injects unsettling uncertainty into *vital* trial court records.[33] In its attempt to justify today's result the court sanctions a trial judge's standardless delegation to a party's counsel, a private person, of the power *to enlarge* the statutory appeal time clock in contravention of the constitutional proscription against the *unlawful delegation of governmental authority.*

Appeal time runs from the *filing* of the *first* judge-signed memorialization that specifies the relief granted and otherwise *substantially* meets *both* the § 24 recordation criteria and those in § 696.3, which in this case is the January 5 entry.

This appeal is *timely* simply because it was brought here within 30 days of the date the January 5 order—denying new trial—was filed at nisi prius.

EXHIBIT A

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY STATE OF OKLAHOMA

Roger L. McMillian and, Katy R. McMillian, husband and wife; Mark K. Vestal and Linda K. Vestal, husband and wife; Brian K. Wakley and Monica L. Wakley, husband and wife, Plaintiffs,

vs.

Derward Holcomb and Glenda Holcomb, husband and wife; John F. Cantrell, Tulsa County Treasurer; Board of Commissioners of Tulsa County, Defendants.

No. CJ–93–2946

Filed Dec. 1, 1993

ORDER

The Court finds that:

1.) The verified Petition to Condemn Easement by Necessity was filed June 30, 1993, claiming Plaintiffs were land locked.

2.) Defendants Derward Holcomb and Glenda Holcomb were properly served on July 4, 1993 with summons, order and notice setting hearing.

3.) Defendants Holcomb filed an Entry of Appearance pro se July 22, 1993.

4.) A hearing was held July 23, 1993, and commissioners were appointed. Defendants Holcomb did not appear.

5.) Report of Commissioners was filed August 12, 1993. Notice was mailed to Defendants, Holcomb, August 13, 1993.

6.) Defendants Holcomb, filed an Answer and Counterclaim August 13, 1993.

7.) No objection to Report of Commissioners nor Demand for Jury Trial has been filed by Defendants.

8.) Defendants retained counsel October 18, 1993. Defendants' attorney requested and was granted a continuance of the hearing for

---

**32.** For the pertinent terms of 12 O.S.Supp.1993 § 696.3, see *supra* note 6.

**33.** For a discussion of the nature of the confusion which double-entry bookkeeping creates, see *Mansell v. City of Lawton*, Okl., 877 P.2d 1120, 1121 (1994) (Opala, J., concurring.).

Confirmation on Commissioners Award and Vesting Title in Plaintiffs until 11–30–93.

9.) On 11–24–93 Defendants Holcomb filed a Motion to Dismiss or in the Alternative to Consider Defendants' Pleadings an Objection to Report of Commissioners.

The Court makes the following conclusions of law:

1.) That it is without jurisdiction to hear objections to the taking as the time for filing a written objection to Commissioners Report expired September 13, 1993, and no demand for jury trial was filed. An Answer filed in a condemnation suit is insufficient to bring to issue the question of the necessity of the taking as condemnation is a special proceeding and must be carried out in accordance with legislatively prescribed procedures. Okla. Const. Art. 2 Section 2, 66 O.S. Section 53, 55, *Board of County Commissioners of Creek County v. Casteel,* 522 P.2d 608.

Defendants' motion is denied. Judgment granted in Plaintiffs confirming commissioners award and vesting title. Plaintiff attorney is directed to prepare Journal Entry.

/s/ Gail W. Harris
Gail W. Harris
District Judge

### CERTIFICATE OF MAILING

I hereby certify that I have this 1st day of December, 1993 mailed a true and correct copy of the above decision as ordered by the court, and a true and correct copy was filed in this case.

SALLY–HOWE SMITH
COURT CLERK

/s/ Ann Ford
By: Deputy Court Clerk

Charles Hanson
5918 E. 31 Street
Tulsa, Oklahoma 74135

Stephen Gray
2865 E. Skelly Dr., Ste 205
Tulsa, Oklahoma 74105