2012 OK CIV APP 78

**Taylor W. MORGAN, Plaintiff/Appellee,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.**

**No. 110,471.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 13, 2012.

---

Keith J. Nedwick, Heather Strohmeyer, Law Offices Of Keith J. Nedwick, Norman, Oklahoma, for Plaintiff/Appellee.

A. DeAnn Taylor, Assistant General Counsel, Department of Public Safety, Oklahoma City, Oklahoma, for Defendant/Appellant.

KENNETH L. BUETTNER, Presiding Judge.

¶1 Defendant/Appellant State of Oklahoma, *ex rel.* Department of Public Safety (DPS), appeals the district court's order enforcing a Summary Order that reinstated Plaintiff/Appellee Taylor W. Morgan's (Morgan) driving privileges. This appeal is premature, and Morgan's Motion to Dismiss Appeal for Lack of Jurisdiction is GRANTED.

¶2 Following an administrative hearing March 3, 2011, DPS issued an order revoking Morgan's driving privileges for a period of 180 days. Morgan's license was suspended March 17, 2011. Morgan appealed the DPS order by filing a petition in the District Court of Cleveland County April 4, 2011. The district court conducted a hearing May 24, 2011. At the conclusion of the evidence, the district court vacated DPS's March 3, 2011 order and ordered DPS to return Morgan's driver's license to her *instanter.* The district court memorialized its decision on a pre-printed Summary Order at the close of the hearing. The Summary Order was filed March 25, 2011 and stated:

> After hearing evidence, & argument, & on the record made, ct cannot say beyond a rea[sonable] doubt/or by a preponderance of the evidence that (1) [Intoxilyzer]–8000 being properly maintained or that [breath] test performed [according to] BOT rules. Petition granted, Order of [hearing officer] of 3–3–11 revoking Pet's driving privileges/operator's license is vacated. Petition is granted. DPS ordered to return Petitioner's operator's license to her instanter, all per JE if desired.

A journal entry of judgment was not filed. Morgan's driver's license was not returned to her.

¶3 On December 22, 2011, Morgan filed a motion to enforce the court's Summary Order requiring DPS to return her driver's license. The district court conducted a hearing on the motion February 14, 2012. DPS argued it was waiting on an appealable order to return the driver's license. The district court reiterated that the May 25, 2011 Summary Order was the final, appealable order, and granted Morgan's motion to enforce. The district court ordered DPS to return Morgan's driver's license to her within ten (10) days. DPS appealed March 12, 2012.

¶4 Morgan filed a Motion to Dismiss Appeal for Lack of Jurisdiction, and the Oklahoma Supreme Court deferred consideration of Morgan's Motion to Dismiss to the decisional stage of this appeal. Morgan argues the May 25, 2011 Summary Order was a final, appealable order. Morgan asserts that DPS's Petition in Error was filed more than thirty (30) days after the Summary Order and, therefore, DPS's appeal was untimely filed, and the Supreme Court is without jurisdiction. In the alternative, Morgan as-

serts that even if the Summary Order was not an appealable order, without a journal entry of judgment, the appeal is premature and should be dismissed. In response to Morgan's Motion to Dismiss, DPS argues the Summary Order is a minute entry and, according to 12 O.S. § 696.2(D), it is not an appealable order. DPS claims its appeal is timely, as the only appealable order in this case is the order filed February 14, 2012, in which the district court granted Morgan's motion to enforce the court's Summary Order.

¶ 5 Title 12, § 696.2(D) provides that the filing of a "written judgment, decree or appealable order" prepared in accordance with § 696.3 is a "jurisdictional prerequisite to the commencement of an appeal." The necessary components of a judgment, decree or appealable order are described in 12 O.S. § 696.3:

(1) a caption of the case including the name of the court, parties' names and designations, case file number and title of the instrument;

(2) a statement of the disposition effected by the appealable decision, including a statement of relief awarded and liabilities and obligations imposed, including the amount of any prejudgment interest;

(3) the signature and title of the Court; and

(4) any other matter approved by the Court.

12 O.S. § 696.3(A).

¶ 6 Title 12, § 696.2 provides:

A. After the granting of a judgment, decree or appealable order, it shall be reduced to writing in conformance with Section 696.3 of this title, signed by the court, and filed with the court clerk. The court may direct counsel for any party to the action to prepare a draft for the signature of the court, in which event, the court may prescribe procedures for the preparation and timely filing of the judgment, decree or appealable order, including, but not limited to, the time within which it is to be submitted to the court. If a written judgment, decree or appealable order is not submitted to the court by the party direct-

ed to do so within the time prescribed by the court, then any other party may reduce it to writing and submit it to the court.

B. A file-stamped copy of every judgment, decree, or appealable order shall be served upon all parties, including those parties who are in default for failure to appear in the action, by the counsel for a party or party who prepared it, or by a person designated by the trial court, promptly and no later than three (3) days after it is filed. The service shall be done in the manner provided in Section 2005 of this title for the service of papers, and a certificate of service must be filed with the court clerk. If the judgment, decree or appealable order was prepared by the court, the court may direct a bailiff, court clerk or party to perform the service and certificate of service required by this subsection.

· · ·

D. The filing with the court clerk of a written judgment, decree or appealable order, prepared in conformance with Section 696.3 of this title and signed by the court, shall be a jurisdictional prerequisite to the commencement of an appeal. *The following shall not constitute a judgment, decree or appealable order: A minute entry; verdict; informal statement of the proceedings and relief awarded, including, but not limited to, a letter to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order.*

12 O.S. § 696.2 (emphasis added).

¶ 7 The Summary Order appears to have been prepared in accordance with § 696.3. The Summary Order contained a caption with the name of the court, names of the parties and their designations, the case file number, the title of the instrument, a statement of the disposition of the matter, and the court's title and signature. Thus, it would be an appealable order so long as it does not come within the exclusions in § 696.2(D). We hold that the Summary Order is not an appealable order because (1) the district court's statement in the Summary Order "all per JE if desired" makes the Summary Order a non-appealable event, pursuant to 12

O.S. § 696.2(D) and *McMillian v. Holcomb,* 1995 OK 117, 907 P.2d 1034; and (2) file-stamped copies of the Summary Order were not served upon the parties, pursuant to § 696.2(B).[1]

¶ 8 In *McMillian v. Holcomb,* the Supreme Court of Oklahoma determined that "[§ 696.2(D)] tells us that orders with 'instructions for preparing the judgment, decree or appealable order' fall within the category of orders not constituting a judgment for the purpose of commencing time to appeal." *McMillian,* 1995 OK 117, 907 P.2d at 1036. In *McMillian,* the order of the trial court specifically stated that the plaintiff's attorney was to "prepare Journal Entry" of the court's order. *Id.* The Court concluded "that the combined effect of § 696.2(A) & (C) is that an order directing the prevailing party to prepare a journal entry or judgment of the court's decision makes that order containing the direction a non-appealable event." *Id.*

¶ 9 In her Motion to Dismiss, Morgan attempts to distinguish the present case and *McMillian.* Morgan suggests that the Summary Order filed May 25, 2011 did not instruct a party to prepare a journal entry of the court's decision. Rather, the district court instructed DPS to prepare a journal entry if they intended to appeal and wanted a more legible copy of the order. After the district court judge granted Morgan's petition and vacated the DPS order, he stated, "I would think if somebody wants to appeal, they ought to do a journal entry because I doubt anybody can read my writing [on the Summary Order] well enough to be on appeal. But in this case, here's a copy of the summary order." Morgan asserts that the court did not expressly or impliedly indicate that the finality of its order was conditioned upon the preparation of a journal entry. Morgan also argues that the district court reiterated at the hearing on her motion to

enforce that the Summary Order was the final, appealable order in the case.

¶ 10 "[A]ll per JE if desired" comes within the Court's decision in *McMillian v. Holcomb* and is an instruction for preparing the judgment, decree, or appealable order. We hold that the Summary Order is not an appealable order. The statement made by the district court—"all per JE if desired"—demonstrates the district court did not intend for the Summary Order to be a final judgment. The statement suggested that if a party wished to appeal, a journal entry of judgment needed to be prepared, signed, and filed.

¶ 11 Furthermore, "[a] file-stamped copy of every judgment, decree, or appealable order shall be served upon all parties...." *12 O.S. § 696.2* (B). The statute also requires that certificates of service be filed with the court clerk. *Id.* Nothing in the record indicates file-stamped copies of the Summary Order were served upon Morgan and DPS. Thus, the failure to treat the Summary Order as final under § 696.2(B) supports our decision.

¶ 12 A journal entry of judgment has never been filed. DPS has offered no rationale for treating the district court's order enforcing the Summary Order as appealable. Requiring DPS to return Morgan's driver's license is an interlocutory order until a final judgment has been filed in accordance with § 696.2. This appeal is premature. Morgan's Motion to Dismiss Appeal for Lack of Jurisdiction is GRANTED.[2]

¶ 13 DISMISSED.

JOPLIN, V.C.J.; and MITCHELL, J. (sitting by designation), concur.

---

1. We express no opinion as to whether the Summary Order is a minute entry.

2. We note that Morgan's license was suspended for 180 days in March 2011. Sixteen months have passed since DPS issued an order revoking Morgan's driving privileges and suspending her license. We cannot conclude from the record whether Morgan received a temporary license, or whether her suspension has expired, which would support an argument in favor of mootness.